## HARRISON v. DAVIS.

1. In trespass, a plea of justification under process, must specify the process particularly, and state every fact necessary to shew the justification.
2. The process must be correctly described; if there is a variance it cannot be given in evidence.
3. In trespass for taking goods from the plaintiff's possession, under the general issue, the defendant cannot go into evidenc to shew that the sale under which the plaintiff holds, is fraudulent.

JAMES DAVIS, declared against D. Harrison, in Bibb Circuit Court, in an action of trespass, charging him with having taken and led away a certain horse, the property of him, said Davis. The defendant pleaded, 1st, the general issue.. 2dly, a special plea in justification; in which he stated "that he was a constable, &c.; that as such, he re-

ceived from L. A. Leonard, a justice of the peace for Bibb county, an execution in favor of one Green B. Woolly, against W. Davis, for $ 17 75, besides twelve and one half cents interest and costs, to do execution thereof; that by virtue of said precept, he levied on the horse as the property of said W. Davis; and that the horse was his property, &c." 3dly. A general plea in justification, alleging "that he seized and sold the horse as the property of W. Davis, by virtue of sundry executions against said W. Davis, placed in his hands as constable," &c.; and 4thly, "That as constable, &c. he received from E. Gaskill and L. A. Leonard, justices of the peace, &c. other executions, one in favor of Thomas Rayfield, against W. Davis, for $ 15, and the other in favor of J. Horne, for $ 25, with costs, which executions were placed in his hands to collect, and by virtue of which he seized and sold the horse as the property of W. Davis, whose property he was," &c. The plaintiff joined issue on the 1st, 2d and 4th pleas; and demurred to the third plea, which demurrer was sustained.

At November term, 1827, the issues were tried, when the defendant, Harrison, offered in evidence under his pleas, several executions, to wit, one in favor of Woolly, for $ 17 87½ debt, 12½ cents interst, and $ 7 75 costs; one in favor of Rayfield for $ 15 debt, 40 cents interest, and cost of suit; and another in favor of Horne for $ 25, debt, 18¾ cents interest, and $ 2 costs, which were objected to by the plaintiff and by the Court rejected. The defendant also offered to prove that the horse was formerly the property of William Davis, the defendant in the executions; that the plaintiff never had possession of him, and that at the time of the supposed trespass, he was in the possession of one Risinger; that at the time the debts were contracted, which were the foundation of the executions, William Davis was the reputed owner, and had the possession of him. The Court admitted this evidence, but instructed the jury, that should they believe the property was fraudulently conveyed by William Davis to the plaintiff, with intent to defraud creditors, yet, if a sale was made, and the property came to the possession of the plaintiff or his agent, it was no defence under the general issue. To which the defendant excepted. The jury found a verdict for the plaintiff for $ 105 damages.

Harrison, assigned for error, in this Court, 1st, that the demurrer to the third plea should have been overruled,

JANUARY 1830. and 2d, that the executions were improperly rejected, and that the instructions given to the jury were erroneous.

Harrison
v.
Davis.

GOLDTHWAITE, for the plaintiff in error. The first assignment of error is not relied on. The second consists of two points. 1. The rejection of the executions. The one in favor of Woolly is described in the defendant's plea; the mere mistatement of $17 75 and 12½ cents interest, instead of $17 87½, cannot vitiate the defence. 2. The instruction of the Court. We contend that under the general issue, the defendant can properly offer evidence of property in another in mitigation of damages, especially when it is shewn that the plaintiff was endeavoring to perpetrate a fraud; and that in trespass, a constable can shew that the plaintiff's possession was fraudulent. [a]

*a* 5 Term R. 112. 3 Starkie's Evid. 1457--1461.

*b* 20 John. R. 144.

CLARK, for the defendant. The demurrer was properly sustained. [b] The executions offered were variant from those pleaded, and were properly rejected. [c] A sale by an officer when relied on as a justification, must be specially pleaded. [d] Property draws to it possession, and possession of the agent is the possession of the principal, [e] and possession is sufficient to maintain trespass. [f] It is not competent for a trespasser to shew property in a stranger, [g] there is a distinction in this respect between trover and trespass. [h]

*c* 4 John. R. 450. 12 John. R. 320. Laws of Ala. 510, Sect. 1 & 2.

*d* Chit. Plead. 493 to 6. 13 John. R. 443.

*e* 11 John. 285-379.

*f* 8 John. 337-- 434. 9 John. 336--242. 11 John. 285- 379. 13 John. 150--284.

*g* 13 John. 284.

*h* 11 John. 383.

By JUDGE SAFFOLD. The first assignment is, that the Court erred in sustaining the demurrer to the third plea. As this assignment was not particularly relied on by the counsel, it is sufficient to say, the plea did not present a legal defence, but was clearly insufficient for the reasons that it contained no description of the executions, or any averment that the horse was the property of the defendant therein.

Second. It is also assigned for error, that the Circuit Court rejected admissible evidence, and gave and refused instructions to the jury, as described in the bill of exceptions.

The first branch of the objection respecting the testimony is, that the executions were offered in evidence, under the special pleas, to shew the defendant's authority for taking and selling the horse, which the Court rejected. On comparison, it is found, that a variance exists in the amount of all the executions offered in evidence,

and those described in the pleas. The least difference between any of them is, the amount of eighteen and three fourths cents interest, required by the execution, but unnoticed by the plea. The plea also omitted to shew the amount of costs in the same execution, describing it only as one "in favor of Jesse Horn, for the sum of twenty-five dollars, with costs, against said William Davis," when the execution had ascertained the amount of costs to be two dollars. Then the inquiry is, was this a fatal variance in the description? As the amount of costs must necessarily have continued to increase with the progress of the execution, and no sum differing from the true one was expressed in the plea, the failure to specify the amount was not a material variance. But as respects the interest, there is more difficulty; a variance of eighteen and three fourths cents in the amount of principal or interest, involves the same principle that the same or any other number of dollars would do. The variance is so slight, that it is with reluctance we sustain the objection, yet, could we disregard this amount, we would have no criterion by which to be governed; and must therefore sustain exceptions for the smallest variance in sums where they are specifically expressed, as a main feature of the description. It is true, a previous execution appears to have issued between the same parties, probably on the same demand, describing the amount to be twenty-five dollars, and two dollars costs, and which had the figure 2, and the words "Interest 18¾" indorsed upon it, from which it may be inferred, the last was intended as an alias; they were both, however, in the form of originals, and contained no express reference to each other. But it also appears from the defendant's return that the previous execution had been levied on other property which had been sold, and the proceeds applied to older executions; that the force of the former had been spent, and it had been returned some time before the seizure of this horse; it could therefore afford no justification for the subsequent taking; and was certainly inadmissable under a plea describing an execution in the defendant's hands at the time, and which had been levied on the horse. The variances with reference to the other executions are still greater. Hence, it is conceived, there was no error in excluding the executions, and the transactions connected with them from the consideration of the jury.

Under this assignment, it is further objected that the

JANUARY 1830.

Harrison
v.
Davis.

instructions given by the Court were erroneous. If the executions which were offered in evidence as a justification were correctly excluded, the defendant Harrison was placed in the attitude of any other indifferent person, and had no right to intermeddle with the property, whether it belonged to James or William Davis; nor was it material to him whether the sale by which the horse had been transferred to the former and placed in his or his agent's possession, was *bona fide* or fraudulent. The law is believed to be entirely clear, that one who commits a trespass on property in the possession of another who claims to be the absolute or qualified owner, can neither justify or palliate the trespass by proving that the ostensible owner claims and holds the property under a fraudulent sale from a third person, between whom and the defendant there is no privity of interest or connection of title. Such sale, though it may have been fraudulent and void as to creditors and purchasers, would have been valid as between the parties, and in relation to all indifferent persons. It was not until the evidence under the special pleas had been rejected, that the Court instructed the jury, that the alleged fraud could not constitute a defence under the general issue. A legal defence to an action implies some available matter entitling the defendant to a partial or total discharge from the supposed liability, and as this alleged fraud could not legally have had either effect, there was no error in the instructions.

To mitigate hardship and avoid injustice from mistakes, slight variances and inadvertencies, the Courts usually grant new trials on equitable terms at the instance of the aggrieved party, and permit amendments in the pleadings. Such was the relief the law contemplated in a case like the present, and it can scarcely be doubted, but the Court would have granted a new trial on terms, had it been applied for on a shewing that material injustice would result from the misdescription of the executions. A majority think the judgment below must be affirmed.

By JUDGE CRENSHAW. In this case an execution in favor of Horne, as described in the plea, is for the sum of twenty-five dollars, with costs. The execution offered in evidence, was for twenty-five dollars debt, two dollars costs, and eighteen and three quarters cents interest. On the back of this execution, from the indorsement made by the justice, it is obvious that this was a renewal of a pre-

vious execution for the same amount, with the exception of the interest, and which execution was also offered in evidence. And to my mind, it is equally apparent, that the eighteen and three quarters cents, was the interest which accrued between the time of issuing the two executions; and this is the reason why it does not appear in the first execution. I hold then, that there is no variance. But suppose there was a variance of eighteen and three quarters cents between the execution described in the plea, and that offered in evidence, was the variance so material as to warrant the Court in rejecting the evidence? I apprehend not. Because the plea does not profess to set out the execution in *hæc verba.* And it was sufficient if the execution described in the plea, contained such marks of identity as plainly shewed it to be the same with that offered in evidence. In 5 Johnson, [a] in an action for an escape, the plaintiff stated the substance of the execution in his declaration, without setting it out in *hæc verba,* but in the execution produced in evidence, there was a variance of one cent in the amount of damages and costs ; it was held to be immaterial.

*a* Page 89.

I am therefore inclined to the opinion; that if there was a variance in the case before us, it was so small a one as to be immaterial.

These executions, therefore, should have been admitted, and as a necessary consequence of their admission, the evidence going to prove that the right of property in the horse levied on, was in the defendant in the execution, or in other words, that the sale of the horse to the plaintiff below, in the present action, was fraudulent and void.

For these reasons I think the judgment should be reversed and the cause remanded.

JUDGE LIPSCOMB, concurred with JUDGE CRENSHAW.

Judgment affirmed.

JUDGE TAYLOR, not sitting.