DAVIS *VS.* HOOPER.

1. Where an order was made at one term for a change of venue, in a civil case, but which was not entered on the minutes—held not error, that at the ensuing term, the Court suffered the entry to be made, *nunc pro tunc.*
2. In the action of trespass against a sheriff, for taking goods, he cannot, under the general issue, show, that the goods were taken as the property of the plaintiff's father ; and that they were the property of the latter, though in the plaintiff's possession.

Error to the Circuit Court of Fayette.

This action, being trespass for taking goods, was brought by the defendant in error, in Pickens Circuit Court. The plaintiff declared against the defendant, for that he, being the sheriff of that county, with force and arms, seized, took and carried away, ten bales of cotton, of the property of the plaintiff.— The defendant plead the general issue.

The writ was issued to spring term, 1828 ; and at spring term, 1829, the record showed the following order—

"Obadiah Hooper *vs.* Thomas Davis, sheriff.— The venue in this case, at the last term of this Court, upon affidavit of the plaintiff was ordered to be changed to the county of Fayette; which order was not entered upon the minutes—therefore be it now ordered, *for then,* that the venue in this case be changed to the county of Fayette."

The venue was accordingly changed, and the case carried to Fayette. At fall term, 1829, of Fayette Court, the defendant appeared, and submitted a motion to dismiss the case from the records of that

Court; which motion being denied, the case was continued. At spring term, 1832, the cause came on to be tried in the Circuit Court of Fayette, and a verdict and judgment were rendered in favor of the plaintiff.

On the trial in the Court below, the defendant offered to prove, that although the property, for the taking of which the action was brought, was in the possession of the plaintiff—yet it was not in fact his property, but that of one Obadiah Hooper, sen.; and that the defendant had levied on it, and sold the same, by virtue of an execution in the hands of the said defendant, as sheriff, directed against the property of the said Obadiah Hooper, sen. The Court below decided, that this evidence was not admissible; and it was accordingly rejected, on the ground, that the action being trespass, and the defendant having plead the general issue alone, could not, under that plea, justify the taking of the goods, as an officer—this being the only justification attempted by him.

The Court also decided, that although the right to the cotton might not have been in the plaintiff, yet if he was in possession, he was entitled to his action against a wrong-doer.

The defendant then offered to prove, that the cotton was fraudulently placed in the plaintiff's possession. But the Court rejected this evidence, and ruled, that if the cotton was the property of Obadiah Hooper, sen.; and fraudulently placed in possession of the plaintiff, who controlled and claimed the same, as his own property— he still had a right to his action against one, who tortiously took the same from his possession. All which matters were excepted to, and a writ of error taken.

DAVIS *vs.* HOOPER.

*Rose*, for the plaintiff in error.—The statute authorising a change of venue, does not confine the judge to an action in term time. It says "at or before trial term," so it may be done in vacation. The entry cannot be made, *nunc pro tunc:* the prejudice which might exist at one time, may not exist, at another. It is like process of attachment; and requires a renewal, if not perfected at the proper time. The record shows that the transcript was not applied for until six months after the term of the Court had elapsed. It was the duty of the plaintiff to have carried the cause to Fayette: and it did not appear there until after the expiration of two terms, from the time when it might have been tried. Courts should discourage changes of venue: the statute is intended to reach cases, where there is a subsisting prejudice; and such should be shown to exist.

As to the bill of exceptions: The evidence was objected to, because not specially pleaded. This is a case differing from those, where such a rule obtains. The case in 2 Stewart 350, raised a question as to a fraudulent conveyance, alone. Here the declaration alleges *property* only, not *possession.* Now how could the defendant justify, without admitting the allegations in the declaration? This allegation is, that the property was that of the plaintiff; and to have justified, would have been to admit this fact.— The plaintiff having, therefore omitted to allege a possession, relieved us from a special plea.

Again, a justification can only be for a taking of the property of the defendant named in the process. Cro. Eliz. 329.

4 s. & p.          30

*Ellis, contra.*—On the first point the objection is wholly untenable. The objection to the change of venue should have been made in Pickens. We are bound to presume, that the Court had sufficient evidence to authorise the judgment, *nunc pro tunc* : but all this is waived—there were many continuances in Fayette; and when tried, it was upon the merits—both parties being present.

As to the second ground ; it is clearly settled, in the case of *Harrison* vs. *Davis*, 2 Stewart 350. The action of trespass is not brought to recover the value of the property, but for an injury to the possession. In England, it is by special statute that officers are allowed to give special matter in evidence under the general issue—we have no such statute here.

SAFFOLD, J.—The action was trespass, for taking and carrying away ten bales of cotton, the property of the plaintiff.

Two questions are presented for revision by the assignments of error, now relied on.

1. Was it competent for the Circuit Court to grant an order, *nunc pro tunc*, for a change of venue, at the next succeeding term after the showing, and first order were made ; the change of venue not having been entered on the minutes, at the previous term.?

For the plaintiff in error, who was defendant below, it is insisted, that his motion to dismiss the cause, made in Pickens at the first term after it was entered there, should have prevailed, because it had been illegally made. That like an attachment, the cause for the change may have ceased to exist prior to the second term, when the order was consummated ; al-

·so, that the circuit judge was authorised by law, to order the change in vacation, as well as in term time; and for the plaintiff's delay in obtaining it, and filing the proceedings in the Court of Pickens, his suit should have been dismissed.

The motion and supposed order for the change having been made at the appearance term, the order *nunc pro tunc*, was granted at the first trial term.—— Though the judge in the recess, had authority to act, the election is clearly given to the party, to make his application to the Court in session. As he did this in due time, and on a showing then deemed sufficient, and not now questioned, and as the change was allowed, he should not suffer from the neglect of the clerk to enter the order on the minutes. The probability, that the cause for the change may have ceased within the six months, is only the same that it would have been, had the order been perfected at the first term. If the order had been at first completed, and then the cause had ceased, the idea of remanding would never have suggested itself. After the second term, when the papers were subject to removal, no default or unnecessary delay in the transfer of the proceedings, is imputed to the party obtaining the change. Hence we think, there was no error in overruling the motion to dismiss.

The second question is, whether under the general issue in trespass——there being no other——the defendant should have been permitted to introduce evidence of his having taken the property by virtue of an execution against the father of the then plaintiff, who was in fact the true owner of the property, though it was in the possession of the plaintiff, and held as his own?

Without entering into a re-investigation of the doctrine, it is sufficient to say, the former decision of this Court in the case of *Harrison* vs. *Davis*,[a] is decisive of this question. We think the attempt of the counsel to distinguish this case from that, was unsuccessful. It was there held, that in trespass for taking goods from the plaintiff's possession, the defendant can not, under the general issue, introduce evidence, that the sale, under which the plaintiff holds, is fraudulent. "That one who commits a trespass on property in the possession of another, who claims to be the absolute or qualified owner, can neither justify or palliate the trespass, by proving, that the ostensible owner, claims and holds the property under a fraudulent sale from a third person, between whom and the defendant there is no privity of interest or connection of title." It is equally clear, that a justification in trespass, that the defendant acted by virtue of a legal process, as an officer, must be specially pleaded, and can not be given in evidence under the general issue.

We are unanimous in affirming the judgment.