# Wilder & Co. *v.* Abernethy.

### *Trial of the Right of Property.*

*Statutory separate estate; what not part of.*—If a husband, with means constituting his wife's separate estate, carries on a store in her name, and for her benefit, and afterwards buys other goods on her credit (which are not paid for, and for which the creditor holds only an account against the wife), to be used in the business, and places them on sale in the store,—they do not thereby become part of her statutory separate estate, and may be taken on execution for the husband's debt.

APPEAL from Circuit Court of Marengo.

Tried before Hon. LUTHER R. SMITH.

This was a trial of the right of property between Wilder & Co., plaintiffs and appellants, and Mrs. E. R. Abernethy, claimant and appellee. The evidence disclosed the following facts: Wilder & Co. were judgment creditors of the husband, on a debt contracted by a firm, of which he was a member, which had ceased to do business. Afterwards, appellee's father gave to B. G. Abernethy, the husband, for his daughter, twenty-five hundred dollars; Abernethy and appellee's father agreeing, verbally, that it should be invested in a stock of goods for a drug store, to be conducted in her name; the father retaining the right to control the principal, and stipulating that the profits should be applied to the sole use of the wife, and not to be liable for any debt of Abernethy, or his wife. Abernethy accepted the money upon these conditions, and expended the whole of it in stocking a drug store, which he carried on in the name of his wife.

He also purchased, on the credit of the wife, to be sold in the drug business, one barrel of brandy and one of whisky, which were "on tap in the drug store" at the time of levy under the execution against the husband. No payment had been made on account of this purchase, and the creditors merely had an account against the wife for it.

The court gave various charges, asserting, in substance,

[Wilder & Co. v. Abernethy.]

that under these circumstances, the property levied on was the statutory separate estate of the wife, and not liable to be taken on execution against the husband. These charges were duly excepted to, and are here assigned as error.

W. E. & R. H. CLARKE, for appellants.—The goods in controversy form no part of the statutory estate of the claimant, created by the gift of her father to her. No part of the principal, or of the profits, had been invested in them. She acquired no estate whatever in these goods, bought in her name on a credit. At common law, she was *wholly* unable to contract, and the goods became at once the property of the husband, subject to his debts. There is nothing in our statutes, relating to married women, which enlarges their powers, and permits them to engage in trade.—*Cowles v. Marks*, 47 Ala. 612; *Wilkinson v. Cheatham*, 45 Ala. 337; *Alexander v. Saulsbury*, 37 Ala. 375; *Pickens & Wife v. Oliver*, 29 Ala. 528. If the wife, with the consent of the husband, carries on business in her own name, he will be liable for the goods, and they may be taken for his debts.—3 Bingham, 170; 39 Pa. State,129; 4 Duer, 96. These cases arose under statutes almost identical with ours.

WATTS & WATTS, *contra*.—The property claimed in this case was bought in the name of the wife. The credit was given on the faith of her separate estate, and she had the capacity to acquire property.—*Stone & Mathews v. Gazzam*, 46 Ala. 269; *Selick & Wife v. Becton*, 48 Ala. 226. When property is in the possession of both husband and wife, the possession will be referred to the title. If the title be in the wife, then the possession, although apparently in the husband, is really that of the wife.—*Odum v. McCoy*, 20 Ala. The husband was the mere bailee, or agent, of the wife. If these goods do not belong to the wife, they belong to the parties who sold them to her on her credit. They never became the husband's property. There was no sale to him, and no delivery to him, except as agent for the wife.

BRICKELL, C. J.—It is unnecessary to notice separately the several rulings of the circuit court, to which exceptions were reserved. An error affecting them generally, is, in treating the goods levied on as the statutory separate estate of the appellee. They were purchased on credit, by her husband, for the purposes of trade in her name, and were unpaid for when the levy was made. They passed into the possession of the husband on the purchase, and continued in his

(41)

[Paulling v. Creagh's Adm'rs ; Creagh's Adm'rs v. Paulling.]

possession until they were seized by the sheriff. The statutes creating the separate estates of married women have qualified and lessened, to some extent, the incapacity of the wife at common law, but have not entirely destroyed it. "She can hold property, real and personal, to her sole use, having therein a legal estate courts. of law recognize and protect, and she can, so far as specially enabled, charge it by her contracts, and, jointly with her husband, alienate it. No general power of contracting is conferred on her, nor a capacity to hold and acquire property by purchases on credit. With the exceptions mentioned, she remains under the disabilities imposed by the common law."—2 Bish. Mar. Women, § 231. Whatever property may be acquired by her industry, or skill, or economy, is the property of the husband, as it was at common law.—*Shaefer v. Shepherd*, present term; *Robinson & Co. v. Wallace*, 39 Penn. 132; 2 Bish. Mar. Women, § 82. If the goods had been purchased with the separate moneys of the wife, belonging to her separate estate, either equitable or statutory, a different question would arise.—*Bolling v. Mock*, 35 Ala. 727. The goods having been purchased only on the credit of the wife, and the contract of purchase not being a charge on the separate estate created by the deposit by her father with her husband, (the only separate estate she is shown to have had), no legal title to the goods passed to her, and her claim cannot be supported.

The judgment is reversed and the cause remanded.