# Kennon & Brother *v.* Dibble.

### *Trial of Right of Property.*

1. *Chattel purchased by husband with wife's money; when title vests in her.*—Where the husband purchases personal property with moneys, the proceeds of the sale of lands belonging to the wife's statutory separate estate, the property thus purchased also becomes the wife's statutory separate estate, and for its recovery, she may maintain a claim suit under the statute against an attaching creditor of the husband.

2. *Claim suit by wife for crops grown on lands, her statutory estate; when she may maintain.*—A claim suit under the statute may also be maintained by the wife against an attaching creditor of the husband, for the recovery of crops grown on lands belonging to her statutory separate estate.

3. *Chattel purchased by husband with money borrowed on pledge of wife's property; when title does not vest in her.*—A horse purchased by the husband with money borrowed by him on the pledge of chattels belonging to the wife's statutory separate estate, becomes the property of the husband, and for its recovery the wife can not maintain a claim suit under the statute, although the debt was paid and the pledge redeemed with money also belonging to the *corpus* of her statutory separate estate.

4. *Chattel taken in exchange for another, the statutory estate of the wife; title to.*—A parol exchange of an article of personal property, belonging to the wife's statutory separate estate, for other personal property, does not divest her title in the former, nor vest in her the title to the latter. (*Evans v. English*, 61 Ala. 416, and *Pollak v. Graves*, 72 Ala. 347, reaffirmed, and declared to have become rules of property.)

[Kennon & Brother v. Dibble.]

APPEAL from Lee Circuit Court.

Tried before Hon. H. D. CLAYTON.

Kennon & Brother, a partnership, on 29th December, 1882, sued out an attachment against Oscar C. Dibble, which was levied on two mares, a Jersey bull, a wagon and some corn and fodder, as the property of the defendant in attachment. This property was claimed by Mrs. Lena L. Dibble, the wife of Oscar C. Dibble, and, on her making the statutory affidavit and bond, it was delivered to her by the sheriff. The cause was tried on an issue made up under the statute, the trial resulting in a verdict and judgment for the claimant.

After reading in evidence the writ of attachment, with the levy indorsed thereon, the plaintiff, "proved by the levying officer that the property here claimed was in the possession of the defendant at the time of the levy, that is to say, that said property was on a plantation occupied by the defendant and his wife, and upon which the defendant was engaged in farming." They also proved the value of the property. "The claimant proved that she had once owned a house and lot in Montgomery, Alabama, which was her statutory separate estate, she being at the time a married woman, the wife of defendant; that she and her husband sold and conveyed that property, and invested a part of the proceeds in the plantation in Lee county, upon which the property was found by the levying officer; and that the title to said plantation was in the claimant as her statutory estate." As the evidence introduced on behalf of the claimant further tended to show, the bull and wagon were purchased by the husband, Oscar C. Dibble, and paid for with "his wife's money, derived from the sale of the house and lot as aforesaid." The wagon was purchased in Columbus, Georgia, nothing being said "at the time of the purchase, as to the fact, that the wife's money paid for it." The husband ordered the bull "by letter from Tennessee." There is nothing in the record showing that either the wagon or bull was purchased in the wife's name, or that her name was mentioned in either of the transactions. "The proof showed that the corn and fodder claimed were raised on said plantation in Alabama, and as to this plaintiff made no further claim." The facts disclosed by the evidence touching the two mares are sufficiently indicated in the opinion, except that it may be added that the purchase of the one, and the exchange for the other were both made in Columbus, Georgia.

The plaintiffs reserved an exception to the charge given at the claimant's request, set out in the opinion; and that ruling is the only assignment of error here made.

J. M. CHILTON for appellants.    (1)    As to the two mares and

wagon, the question of the title must be determined by the laws of Georgia, without reference to the married woman's laws of Alabama.—*Peak v. Yeldell*, 17 Ala. 636 ; *Turner v. Fenner*, 19 *Ib.* 362 ; *Evans v. Kittrell*, 33 Ala. 452 ; *Henderson v. Adams*, 35 Ala. 723. That the purchaser's domicile was in Alabama, does not affect the question: Nor did the mere 'act of bringing it into this State change the title.—*Cahalan v. Smaltz, Monroe & Co.*, 70 Ala. 275. (2) No statute laws of Georgia were put in evidence ; and in the absence of such evidence, the common law is presumed to prevail in that State.—*McAnally v. O'Neal*, 56 Ala. 299. By the common law, the property belongs to the husband.—*McAnally v. O'Neal, supra*, and cases there cited ; *Cahalan v. Smaltz, Monroe & Co., supra*. (3) What has been said with reference to the two mares and the wagon, also applies to the Jersey bull. It was ordered by letter from Tennessee by the husband ; and the laws of Tennessee would govern. (4) If, however, the laws of Alabama govern, the charge of the court can not be sustained. As to the mare purchased, the pledge of the wife's property for the money borrowed, and the subsequent payment of the debt and redemption of the pledge with her money, could not operate to vest title in her. (5) For the other mare the husband exchanged his wife's diamond ring. All the evidence is set out in the bill of exceptions, and it is nowhere shown that the husband and wife conveyed the ring by an instrument in writing attested by two witnesses. The transfer was therefore void.—*Irons v. Reynolds*, 28 Ala. 305 ; *Drake v. Glover*, 30 Ala. 382 ; *Whitman v. Abernathy*, 33 Ala. 154 ; *Bolling v. Mock*, 33 Ala. 727 ; *Warfield v. Ravesees*, 38 Ala. 521 ; *Williams v. Auerbach*, 57 Ala. 94 ; *Reeves v. Linan*, 57 Ala. 564 ; *English v. Evans*, 61 Ala. 416. (6) It would seem, if governed by the laws of Alabama, that the purchase of the wagon and bull would vest title in the wife.

GEO. P. HARRISON, JR., *contra*. (1) The law of the domicil, and not the law of place where the negotiations were made, governs in this case.—Wharton's Conf. Laws, § 198 ; *Castleman v. Jeffries*, 60 Ala. 380. (2) The proceeds of the sale of property belonging to the *corpus* of a married woman's statutory separate estate may be invested in other property, which also becomes the separate estate of the wife.—Code, 1876, § 2709 ; *Daffron v. Crump*, 69 Ala. 79 ; *Evans v. English*, 61 Ala. 416. Nor is the rule varied because nothing was said at the time of the purchase as to the person for whom the property was being purchased. See authorities *supra*. (3) So far as the mare acquired by the exchange of the diamond ring is concerned, even should it be held that the wife's right to said

23

ring failed to pass, because not shown to have been in writing
and witnessed as provided by statute, yet the title remains in
the party with whom the exchange was made, and the plain-
tiffs can not recover, no possession of the mare by the hus-
band having been shown, except in the right of the wife. (4)
The claimant was entitled to the charge as given, even if only
entitled to recover a part of the property sued for, the statute
requiring a special finding as to each piece of property levied
on. If not entitled to recover as to all the property, the plain-
tiff should have asked an explanatory or limiting charge.— *Ed-
wards v. White*, 70 Ala. 365; *Connelly v. P. & M. Ins. Co.*,
66 Ala. 433; *Dickey v. The State*, 68 Ala. 508; *Whilden &
Sons v. P. & M. Bank*, 64 Ala. 2; *McClary v. Rash*, 60 Ala.
374; *Chapman v. Holding*, 60 Ala. 523.

STONE, J.—The circuit court, at the written request of
claimant, instructed the jury that if they believed the evidence,
they must find for the claimant. The claimant, in such a suit
as this, stands in the attitude of a defendant; and the substance
of this ruling was, that the plaintiffs had failed to make a case
entitling them to recover. The claimant went hence without
day, under this ruling; for it left no ground for a partial recov-
ery, if the testimony was believed. Such charge was improper,
if plaintiffs were entitled to have any part of the property con-
demned; for in that event the jury could not find for the
claimant.

All the testimony tends to show that the Jersey bull and the
wagon, though purchased by the husband, were paid for with
moneys that were of the *corpus* of the wife's statutory separate
estate; the proceeds of the sale of her house and lot. The
statute expressly authorizes such investment by the husband,
and declares that property thus purchased becomes the separate
estate of the wife.—Code of 1876, § 2709. The testimony, if
believed, entitled the claimant to these two chattels.

The corn and fodder, according to the evidence, were grown
on lands which were the statutory estate of the wife. They
were income or profits, not *corpus*. They vested in the hus-
band as trustee, who was not liable to account for them, but
they were not subject to the payment of his debts.—Code,
§ 2706. This is a statutory inhibition, and we feel bound to
give effect to it. True, as a general rule, " when it is shown
that at the time of the levy the defendant had possession of
the property, a presumption of ownership arises. The pre-
sumption [generally] can be repelled only by the claimant prov-
ing title in himself, or connecting himself with the true title,
if it be not in the defendant."—*Pollak v. Graves*, 72 Ala. 347.
The statute makes this an exception to that rule, if indeed the

[Kennon & Brother v. Dibble.]

wife has not such an interest in the trust, as to take it without the operation of the rule. The corn and fodder should not have been condemned to the attachment.

The remaining chattels rest on different principles. The larger mare was purchased with money, and there is no pretense for saying that the money was the property of Mrs. Dibble. The husband himself borrowed it from bank, and with it purchased and paid for the mare. True, when he borrowed the money, he pledged as security for its repayment a watch and chain, which were of the statutory estate of his wife. But this did not have the effect of making either the money or the mare her property. The watch and chain were still hers, notwithstanding their unauthorized pledge by her husband, and, according to our laws, she could have recovered them back, without payment or tender of the debt.— *Whitman v. Abernathy*, 33 Ala. 154. When the husband afterwards paid the debt to the bank with his wife's money, the *corpus* of her estate, and thus redeemed her watch, it is probable this armed her with an equity to trace her money into the mare; which equity would prevail over the claim of the husband, and of any one else, except *bona fide* purchasers and creditors without notice.—*Preston v. McMillan*, 58 Ala. 84. Mrs. Dibble can not maintain her claim to the larger mare in the present proceeding.

The case of the smaller mare, for which the husband exchanged the wife's diamond ring, falls precisely within the principle declared in *Evans v. English*, 61 Ala. 416, reaffirmed in *Pollak v. Graves*, 72 Ala. 347. Those decisions have doubtless become rules of property, and we are unwilling to overturn them. If the question were an open one, possibly it would be the better policy to let such exchanges stand as a change of property, unless the wife herself should seek to disaffirm the contract. It often happens that market commodities, and articles of small value, are of the *corpus* of the wife's statutory estate. These it may be desirable to sell or exchange. It entails exceeding trouble and annoyance to require in all such cases the written conveyance of husband and wife, attested by two witnesses, or acknowledged before some officer, authorized to take acknowledgments of conveyances.—Code of 1876, §§ 2707–8. But these are questions for the legislature. The wife's claim to the smaller mare, under our rulings above, can not prevail.

Reversed and remanded.