# Liddell *v.* Miller.

| 86 | 343 |
| 124 | 382 |

*Statutory Claim Suit between Wife and Execution Creditor of Husband.*

1. *Purchase of stock of goods by husband, as agent of wife.*—On the formation of a mercantile partnership between the husband and two

[Liddell v. Miller.]

other persons, a stock of goods being purchased, partly with cash, and partly on credit; the cash payment being made by one of the other partners with his own funds, and repaid to him out of the profits of the business; after which he and the husband bought out the interest of the other partner, and continued the business in their joint names as equal partners; the wife can not successfully assert, as against an execution creditor of the husband, a claim to his interest in the goods of the partnership, although he professed to act as her agent, and the word *agent* was written after his name in making the purchase.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. JOHN B. TALLY.

This was a statutory claim suit between D. A. Miller, plaintiff in execution against Daniel Liddell, and Mrs. Mary V. Liddell, the wife of said Daniel Liddell, as claimant; the property involved being an undivided interest in a stock of goods which constituted the partnership effects of the firm of Crump & Liddell. The plaintiff's judgment was rendered on the 9th April, 1887, and his execution was levied on the goods on the 6th June, 1887. On all the evidence adduced, the court instructed the jury to find the issue in favor of the plaintiff, if they believed the evidence; and this charge, to which the claimant excepted, is now assigned as error.

DENSON & TANNER, for appellant, cited *Evans v. English*, 61 Ala. 424; *Pollak v. Graves*, 72 Ala. 347; *Marks v. Cowles*, 53 Ala. 499; *McCoy v. Odom*, 20 Ala. 502; *Daffron v. Crump*, 69 Ala. 77; *Gilkey v. Pollock*, 82 Ala. 510; *Kennon v. Dibble*, 75 Ala. 351; *Early & Lane v. Owens*, 68 Ala. 171; *Warren & Burch v. Jones*, 68 Ala. 449.

A. E. GOODHUE, *contra*, cited *Wilder & Co. v. Abernethy*, 54 Ala. 644; *Pollak v. Graves*, 72 Ala. 347; *Kennon v. Dibble*, 75 Ala. 351; *Andrews v. Keith*, 34 Ala. 722; *Freeman v. McCann*, 37 Ala. 714; 11 Casey, Penn. 375.

SOMERVILLE, J.—The cases of *Wilder & Co. v. Abernethy*, 54 Ala. 644, and *Pollak v. Graves*, 72 Ala. 416, announce principles which are fatal to the right of the appellant, Mrs. Liddell, to support her claim to the one half interest in the stock of goods levied on under the execution in favor of the appellee against D. Liddell, the husband of the claimant.

The entire stock of goods belonged to Rogers, and was sold to Crump, Young & Liddell, in January, 1887, for two thousand dollars, Liddell asserting that he was acting as

agent for his wife. Five hundred dollars of the purchase money was paid in cash, having been advanced by Crump for the partnership, one third of which was charged on the books to "D. Liddell, agent." The notes for the remainder of the purchase-money were signed by W. B. Crump, A. Young, and "D. Liddell, agent", and were paid from the profits of the business. No part of the wife's money went into the property, except so much as was necessary to repay Crump the amount advanced by him, and this was paid after the levy in this case had been made. The husband repudiated all claim to the property. Young sold his one-third interest to Crump and "D. Liddell, agent", and the business was carried on in their names, but Liddell claiming all the time to act for the claimant, his wife.

Under this state of facts, the property levied on belonged to the husband, D. Liddell, and not to the claimant, and it was accordingly liable to the satisfaction of Miller's execution against him.—*Kennon v. Dibble*, 75 Ala. 351; *Wilder v. Abernethy*, *supra*. The word "agent" was a mere *descriptio personæ*, and exerted no talismanic influence to put in the wife the title of property which in law and good conscience belonged to the husband. The purchase of the stock of goods in question was essentially a purchase on credit, the amount advanced in cash paying for no specific goods which could be identified as distinguishable from the remainder of the stock, and all the goods being in one commingled mass.

On the authority of the cases above cited, the judgment must be affirmed.