| 88 | 557 |
|----|-----|
| 93 | 38 |

| 88 | 557 |
|----|-----|
| 94 | 452 |

| 88 | 557 |
|----|-----|
| 95 | 428 |

| 88 | 557 |
|----|-----|
| 120 | 97 |

# Daniel *v.* Hardwick.

*Statutory Detinue by Married Woman, against Sheriff.*

1. *Sufficiency of complaint; averment of wife's ownership of property.* In an action by a married woman, to recover personal property alleged to belong to her statutory separate estate, it is not necessary that the complaint shall state the facts showing how and when she acquired title to the property.

2. *Plea of justification under legal process.*—When the sheriff justifies the seizure of personal property under legal process, the plea must show a process regular on its face, and issued by competent authority, and must describe it with certainty and particularity sufficient to identify it; and if the process is against any third person, must allege his ownership of the property, or its liability to the process.

3. *Plea of general issue; judgment and execution as evidence.*—In detinue against the sheriff, justification under legal process must be specially pleaded, and can not be proved under the general issue; and the fact that the plaintiff is a married woman, whose husband was the defendant in execution, does not render the judgment and execution admissible as evidence for him, since he does not occupy the position of a creditor, and can not assail the validity of her title as against her husband's creditors.

4. *Purchase of property by or for wife.*—Under the statutory provisions of force prior to February 28th, 18ᴤ7, the wife might purchase property on credit, with the assent of her husband, and he might purchase for her with his own money; and in either case, the property became a part of her statutory estate, and her title could only be assailed by her husband's creditors, or purchasers from him.

5. *General charge on evidence.*—A general charge in favor of the defendant may be given, when a demurreʳ to the evidence might be sustained, but never when there is any evidence, however weak or insufficient, from which a fact material to plaintiff's right of recovery might be inferred by the jury.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. JOHN B. TALLY.

This action was brought by Mrs. Emily E. Hardwick, the wife of G. L. Hardwick, against John S. Daniel, the sheriff of the county, to recover a horse, buggy and harness, which the defendant had seized under execution against the plaintiff's husband; and was commenced on the 20th December, 1883. The complaint alleged, "that the plaintiff is, and was at the commencement of this suit, a married woman, the wife of G. L. Hardwick, and that said property is a part of her statutory estate, secured to her under and by virtue of the laws of Alabama." The defendant demurred to the complaint, because it did not state the facts showing that the property belonged to the plaintiff's statutory estate, but only averred a legal conclusion; and his demurrer being overruled, he filed four pleas: 1st, not guilty; 2d, *non detinet;* 3d, and 4th, justification under legal process. The court sustained a demurrer to the 3d and 4th pleas, and issue was joined on the others. On the trial, the defendant reserved several exceptions to the rulings of the court on evidence, and in the matter of charges given and refused; and these rulings are now assigned as error, with the ruling on the demurrer to the complaint.

BURNETT & SMYER, for appellant, cited *Insurance Co. v. Young*, 86 Ala. 424; *Knapp v. Smith*, 27 N. Y. 277; *Hubbard v. Allen*, 59 Ala. 283; *Lehman v. Lewis*, 62 Ala. 132; *Vance v. Miller*, 6 Ala. 737; *Blythe v. Dargin*, 68 Ala. 370; *Evans v. English*, 61 Ala. 416; *Wilder v. Abernathy*, 54 Ala. 644; *Huddleston v. Huey*, 73 Ala. 215; *Carleton v. Rivers*, 54 Ala. 469.

WATTS & SON, *contra*, cited *Harrison v. Davis*, 2 Stew. 350; *Petty v. Dill*, 53 Ala. 641; *Salter v. Pearce*, 4 Ala. 669; *Burns v. Taylor*, 3 Porter, 187; *Kennon v. Dibble*, 75 Ala. 351;

[Daniel v. Hardwick.]

*Daffron v. Crump,* 69 Ala. 77; *Pollak v. Graves,* 72 Ala. 347; *Meyer v. Cook,* 85 Ala. 417.

CLOPTON, J.—The complaint in an action of *detinue,* brought by a married woman, need not allege specially the facts as to how and when she acquired title to the property; these are proper subjects of proof. A general averment, that the property sued for is her statutory separate estate, is sufficient.

2. The defendant filed two special pleas, justifying under legal process. The first avers, substantially, that he took possession of the property as sheriff, under execution issued from the Circuit Court of Cherokee county, in favor of Ayer & McDonald against G. L. Hardwick, which execution was in his hands at the time of its seizure, and that the property was in his possession as sheriff. The second plea is still more general. A plea of justification should show a process regular on its face, and issued by competent authority. The description of the process should be sufficiently certain and particular to identify it; and when it is against a person other than the party claiming and suing, there should be an averment that the property taken was the property of the defendant in the process, or that it is liable thereto. A plea of justification, to be sufficient, must set forth matter which, if proved, would constitute a full defense to the action. *Harrison v. Davis,* 2 Stew. 350. Each of the pleas is defective in these material respects.

3. After the demurrer to the special pleas had been sustained, the defendant failed to specially plead over, and the parties went to trial on the general issue. On the trial, defendant offered in evidence a judgment in favor of Ayer & McDonald against the husband of plaintiff, and an execution thereon, being the same under which he took the property. Under the Code, the general issue merely casts on plaintiff the burden of proving the material allegations of the complaint, and limits the defense to evidence in disproof. Matter in avoidance, excuse, or justification, not being within the issue, must be specially pleaded.—*Petty v. Dill,* 53 Ala. 641. Justification—that the defendant acted under legal process—can not be given in evidence under the general issue.

It is insisted, however, that the evidence of the judgment and execution was admissible, for the purpose of showing that the plaintiffs therein were creditors of the husband, and

[Daniel v. Hardwick ]

that the claim and title of the wife was fraudulent as to them. The demurrer to the pleas of justification having been properly sustained, the defendant stood in the attitude of any other person, who was without right to take and detain the property, whether it belonged to the plaintiff or her husband. Occupying this position, he was not entitled to show that plaintiff's claim to the property was acquired by a fraudulent transaction on the part of her husband; this was a matter not material to defendant. Though it may have been acquired by means constructively or actually fraudulent as to creditors, her claim was valid as between the parties, and as to all persons other than creditors and purchasers.—*Harrison v. Davis, supra.*

4. Prior to the act of February 28, 1887, the husband was the trustee of the wife's statutory separate estate, and as such was clothed with authority to receive her property, real or personal, and with large discretionary powers to manage and control her estate, and to invest her money as he deemed most beneficial to her. If he bought personal property for the benefit of the wife, and used her money to pay therefor, without taking title in his own name, the legal title by operation of law enured to the wife.—*Evans v. English,* 61 Ala. 416; *Daffron v. Crump,* 69 Ala. 77. Although the authorities are not harmonious, it is well settled in this State, that a married woman has capacity, at common law, and under the statute formerly in force, to purchase property on credit, with the assent of her husband, whether or not she had a separate estate which she could charge; and though the contract of purchase did not bind her personally, the vendor's transfer of title was valid as to all persons, unless they were creditors of, or purchasers from her husband, and created in her a statutory separate estate.—*Queen Ins. Co. v. Young,* 86 Ala. 424; *Sharp v. Sharp,* 76 Ala. 312; *Pollak v. Graves,* 72 Ala. 347.

The husband of plaintiff was the only witness examined. His testimony tends to show, that all the property was purchased for plaintiff, he acting as her trustee and agent; that the horse was paid for in cash, and the buggy and harness purchased partly on credit, husband and wife giving their joint notes. The price of the horse, and one of the notes given for the buggy and harness, were paid with money belonging to plaintiff. As to the other note, the witness does not remember whether it was paid with money which he obtained from Kirkpatrick, or with money put aside for the

[Daniel v. Hardwick.]

purpose of paying taxes; but he makes the general statement that the price of the horse, and the notes, were paid with money belonging to plaintiff, and with the money put aside to pay taxes, all which moneys, according to his best recollection, she received from the sales of her lands. In *Wortham v. Gurley*, 75 Ala. 356, it was ruled, that a purchase by the husband of personal property, in the name, or for the benefit of the wife, is insufficient to create an equitable separate estate, though he may furnish the means of payment; in such case, the nature of the wife's separate estate is statutory. Therefore, whether the money used in paying for the property was furnished by the husband, or belonged to the plaintiff, is immaterial, if it was purchased for her benefit; in either event, she had such title or property as enabled her to maintain the action.—*Kennon v. Dibble*, 75 Ala. 351.

This case is distinguishable from *Wilder v. Abernathy*, 54 Ala. 644. In that case, the contest was between the wife and the creditors of the husband, who was carrying on business in her name. He purchased the goods on her credit, but did not use her money or effects to pay for them; and in fact, they were not paid for when seized under process against him. In *Liddell v. Miller*, 86 Ala. 343, the controversy was also between the wife and creditors of the husband. The wife's money did not go into the property, except so much as was necessary to repay one of the partners the amount of the cash payment advanced by him on the purchase of the stock of goods, and this was not paid until after the levy. In the present case, the rights of creditors are not involved. As we have shown, defendant did not place himself in a position to set up that the purchases were either constructively or actually fraudulent as to creditors. Had the pleadings been such as to authorize the sheriff to justify under the execution against plaintiff's husband, and thus incidentally raise the question of fraud as to his creditors, it may be conceded, that the proof is not as clear and convincing as the law requires. But, as the relation of defendant to plaintiff's claim of ownership was that of an indifferent person, in which attitude he placed himself, the sole question was the *prima facie* sufficiency of the proof to establish that the property sued for is the statutory separate estate of the plaintiff, as against persons having no interest or connection with the title. This question, and the credibility of the witness, were properly submitted to the jury.

The affirmative charge may be given at the instance of the

36

[Haynes v. Short.]

defendant, when the court would sustain a demurrer to the evidence; but should not be given, when there is any evidence, however insufficient the court may regard it, from which a fact material to plaintiff's right of recovery may be deduced or inferred, and is not a legal presumption.

On the case made by the pleadings, we discover no error in the record, and the judgment is affirmed.