# Harper *v.* Rudd.

*Trespass by Married Woman, for Personal Property.*

89  371
109 444
89  371
114 689
89  371
141 640

1. *Verbal exchange of wife's property.*—A horse belonging to the wife being exchanged for another by the husband, with her assent, but by verbal contract only, she acquires no title to the animal received in the exchange; nor does she acquire any title by repeated exchanges of one animal for another, by verbal contract.

2. *Adverse possession, as between husband and wife.*—As against the husband, the wife can not acquire title to personal property during coverture which is in their joint possession, since their possession is a unit, and is referred to the legal title.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by Mrs. Leonora Rudd, the wife of W. E. Rudd, against S. B. Harper, to recover damages

[Harper v. Rudd.]

for the alleged tortious taking of a mule, several head of cattle, hogs, &c.; and was commenced on the 12th December, 1889. The defendant claimed the mule under a mortgage executed to him by said W. E. Rudd on the 21st December, 1885, and another mortgage dated April 9th, 1887; and he had taken possession under a writ in detinue against said W. E. Rudd, after giving statutory bond. Under the rulings of the court in the charges given and refused, the plaintiff had a verdict and judgment: and these rulings, to which exceptions were reserved, are now assigned as error.

W. D. ROBERTS, and JNO. D. GARDNER, for appellant.

J. E. P. FLOURNOY, and H. L. MARTIN, contra.

McCLELLAN, J.—This is an action in trespass prosecuted by a married woman, for the wrongful taking of certain chattels—and, among other things, a mule—which are alleged to have belonged to the corpus of her statutory separate estate. The assignments of error involve only questions relating to the said mule. It seems that the plaintiff, a good many years ago, owned a horse. Commencing with this horse, her husband made from time to time as many as five exchanges, in the last of which, from nine to twelve years since, he received this mule. In none of these transactions was any paper evidence of title given or received by the plaintiff, or her husband. On this state of facts, the title to the mule was never in the plaintiff.—*Pollak v. Graves*, 72 Ala. 347; *Kennon Bros. v. Dibble*, 75 Ala. 351; *Meyer Bros. v. Cook*, 85 Ala. 417.

It is insisted, however, that the title was perfected in the wife by more than six years adverse possession on her part, as against her husband. The position is wholly untenable. Under the statutes of this State, of force nearly the entire period relied on to ripen possession into title, as well as under the common law, the husband was entitled to the possession of the wife's chattels. His possession was hers, and *vice versa*; or rather, the possession as between them was an unity. Whatever may be the true rule, under the act of February 28, 1886, in this regard, it is certain that, prior thereto, adverse possession could not exist between husband and wife, while the marital relation continued.—*First National Bank v. Guerra*, 61 Cal. 169; *Mauldin v. Cox*, 7 Pac. Rep. 804;

*Hendricks v. Rosson,* 53 Mich. 575; *Bell v. Bell's Adm'r,* 37 Ala. 536.

The legal title being, therefore, in the husband of the plaintiff, the possession of the chattel in December, 1887, when the alleged trespass was committed, will be referred to the title, and held to be in him, despite the concession that, under the statute then of force, the wife might have a possession with her husband.—*Scruggs v. Decatur M. & L. Co.,* 86 Ala. 173.

Neither the possession, nor the legal title coupled with a right to immediate possession, being in the plaintiff when the cause of action accrued, she can not maintain this action. *Dunlap v. Vandergrift,* 80 Ala. 424.

Several of the rulings of the trial court, to which exceptions were reserved, are not in harmony with the view we have taken of the law applicable to the facts. The judgment below is, therefore, reversed, and the cause remanded.