'[Cox v. Boyett.]

# Cox v. Boyett.*

*Statutory Action of Detinue by Married Woman.*

1. *Husband and wife; exchange of wife's property; action of detinue.*— A parol exchange by the husband and wife of chattels belonging to her, which is made prior to the act approved February 28, 1887 (Code of 1886, § 2348), making such exchange valid, vested the title to the chattels exchanged in the husband, and the wife cannot recover them in an action of detinue from one who purchased them at an execution sale under a judgment against her husband.

---

*This case is cited as an authority in a case contained in the body of the present report. It is reported at length in the 17th Southern Reporter, page 26. It was afterwards marked not to be reported; and hence has not appeared in any of the previous official reports.

2. *Same; same; same.*—Where certain chattels belonging to the husband, along with certain other chattels belonging to the wife, are exchanged for other personal property, the wife cannot maintain an action of detinue to recover the personal property exchanged for, upon the ground that they were tenants in common of an undivided interest in the property, without proof as to the extent of her interest therein.

3. *Action of detinue; judgment; charge to the jury.*—The plaintiff in an action of detinue who did not give bond and take possession of the property, cannot complain on appeal of the refusal of the trial court to instruct the jury, that if they found for the defendant they must assess the value of each item of property involved in the suit; and especially is this true, where no judgment is rendered against plaintiff either for the property or its alternate value.

APPEAL from the Circuit Court of Marion.

Tried before the Hon. H. C. SPEAKE.

This was a statutory action of detinue brought by the appellant, Emily J. Cox, against the appellee, Green Boyett, to recover the possession of a yoke of oxen taken from the possession of herself and husband, and sold by the sheriff at an execution sale under a judgment against her husband. The plaintiff claimed title to the property by a series of exchanges which her husband had made. The property which he first exchanged came into the wife's possession prior to the passage of the act approved February 28, 1887, and this exchange was made by verbal contract to which the wife agreed. In some of the subsequent exchanges there was included property which belonged to the husband. The other facts of the case are sufficiently stated in the opinion.

There was judgment for the defendant. The plaintiff appeals, and assigns as error the rulings of the trial court to which exceptions were reserved.

McGUIRE & COLLIER, for appellant.

KEY & HESTER and W. C. DAVIS, *contra*.

McCLELLAN, J.—Under statutes of this State in relation to the separate property of married women prior to the act of February 28, 1887, no property of the wife could be sold or exchanged and conveyed except by instrument in writing, executed by husband and wife jointly, and attested by two witnesses (Code of 1876, §

[Cox v. Boyett.]

2707) ; but, under that act, "the personal property of the wife, or any part thereof, may be sold, exchanged, or otherwise disposed of by the husband and wife by parol or otherwise."—Code of 1886, § 2348. This change in the requisites of a conveyance or disposition of the wife's personalty, merely authorizing parol contracts where writing was before necessary, the concurrence and joinder of the husband being still essential, can no more be said to deprive the husband of any vested right in the wife's property, if any such he had, than a statutory authorization of conveyance of realty by parol would be the deprivation of vested interests in land held by the husband in his own right. Neither provision divests anything, but each authorizes merely another and different mode by which the holder of property or an interest in property may of his own free will dispose of and convey it. It follows that if all the property which was exchanged for the oxen for which Mrs. Cox, a married woman, sues in this action, had belonged to her, she would now have title to the property claimed, and be entitled to recover on the case presented in other essentials by this record. But the uncontroverted evidence, being, indeed, that of the plaintiff herself, shows that prior to the statute of February 28, 1887, plaintiff and her husband, by parol, exchanged certain chattels belonging to the wife for a part of the property, which, since the statute, was exchanged for that now in suit. It is well settled that the chattels thus exchanged for without writing became under the former law, then of force, the property of the husband.—*Kennon v. Dibble,* 75 Ala. 351 ; *Harper v. Rudd,* 89 Ala. 371 ; *Stout v. Kinsey,* 90 Ala. 546. And, while other parts of the chattels which constituted the consideration for the property now claimed by the wife unquestionably belonged to her, it nowhere appears in the evidence what was the relative value of these respective parts. And if it be conceded that the exchange of certain chattels belonging to the husband, along with certain other chattels belonging to the wife, for the chattels in suit, made them owners or tenants in common of undivided interests, and, further, that the wife might, upon proof of the extent of her interest, have a recovery therefor against the defendant, holding under the husband, yet there could be no recovery here, because there was no such proof. The jury had no data

44

from which to .determine what interest she had in the property sued for ; and the trial court, we think, properly gave the affirmative charge for the defendant.

If the plaintiff had given bond, and taken the property sued for into her possession, and so held it at the time of trial, it would have been error for the court to have refused a request by her for an instruction to the effect that, if the jury found for the defendant, they should assess the value of each item of property involved in the suit, if that be practicable, as in this case.—*Warehouse Co. v. Johnson*, 85 Ala. 178. But it does not appear by this record that the plaintiff had the property in her possession, but, to the contrary, it is pretty clearly inferable from the charges requested and from the judgment rendered, which was for costs only, that she did not. And even had this been otherwise, and she had asked such charge, she could not have been injured by its refusal, since there is no judgment against her, either for the property or its alternate value. And, finally, the charge which was asked by the plaintiff in respect of the assessment of value contained also a direction to the jury to find for the plaintiff if they believed the evidence. As the plaintiff had not made out her case, the charge could not have been given if it had been proper in relation to the assessment of separate values.

Affirmed.