# Eufaula National Bank v. Manassas, Exr., Etc.

## Trial of the Right of Property.

1. *Authority to carry on decedent's business does not pass to executor.*—The authority to carry on a business in which a decedent was engaged at the time of his death does not pass to his executor or administrator by law. The power to do so may be given by will, but it should be unmistakably expressed.

2. *Will; what provisions do not confer on executor authority to carry on business.*—Under the provisions of a will which place the estate of the testatrix in the hands of an executor and trustee in trust for the two sons of the testatrix during their minority, and providing that if in the performance of his trust it becomes in his judgment necessary or expedient to do so, the executor and trustee may sell any part or all of the estate and invest and reinvest the proceeds at his discre-

tion, the executor has no authority to carry on a mercantile business in which the testatrix was engaged at her death.

3. *Executor; purchasing without authority personally liable.*— Where an executor is without authority to carry on a mercantile business under the will of his testatrix, he is without capacity as executor or trustee to purchase goods for that purpose; and any contract for their purchase binds him only personally and the title thereby acquired vests in him individually.

APPEAL from Barbour Circuit Court.

Tried before Hon. J. W. FOSTER.

L. Manassas qualified as the executor of J. Manassas. An execution issued in favor of the Eufaula National Bank against the personal estate of L. Manassas and was levied on certain goods in his possession. He interposed a claim in his capacity as executor and trustee. It appeared that the testatrix at the time of her death was engaged in a mercantile business, and from her decease the said executor carried on the same as her executor and trustee, claiming the right to do so under power conferred by the clause in the will of J. Manassas which is set out in the opinion. He conducted this business in this way for a number of years, buying and selling goods. The main question was on the construction of the will. Both the claimant and the plaintiff asked the affirmative charge. It was given to the claimant. Reversed and remanded.

S. H. DENT, JR., for appellant.—Executor cannot carry on business of his testator without authority by will or chancery court.—*Steele v. Knox*, 10 Ala. 613; *Willis v. Sharpe*, 4 L. R. A. 493; *Smith v. Ayer*, 101 U. S. 320. (2). A purchaser of goods in the name of another without authority is liable personally and the goods are his.—*Wilder v. Abernathy*, 54 Ala. 644; *Liddell v. Miller*, 86 Ala. 343. (3). Affirmative charge to claimant erroneous—the burden being on him to prove his title, which he failed to do.—*Pollak v. Graves*, 72 Ala. 347; *Cox v. Boyett*, 114 Ala. 687; *Collins v. Sherbet*, 114 Ala. 480.

[Eufaula National Bank v. Manassas, Exr., Etc.]

G. L. COMER and G. W. PEACH, *contra*, contended that the title was in the executor, and the affirmative charge for him was properly given.—72 Ala. 224; Code, § 414.

SHARPE, J.—The authority to carry on a business in which a decedent was engaged at the time of his death does not pass to his executor or administrator by law. *Foxworth v. White*, 72 Ala. 224; *Steele v. Knox*, 10 Ala. 608. The power to do so may be given by will but it should be unmistakably expressed.—11 Am. & Eng. Ency. Law, 973; *Kirkman v. Booth*, 11 Beav. 273; *Burwell v. Cawood*, 2 Howard, 560.

If the appellee had authority in his trust capacity to carry on the mercantile business in which his testatrix was engaged, it must be found in the third item of the will which is as follows: "I hereby nominate and appoint my husband Leopold Manassas, executor and trustee, to perform the trust of this will, and I bequeath to him all of my estate of every nature and description of which I shall die seized and possessed, or to which I shall be entitled to at the time of my death, in trust however for my two sons, that he shall dispose of the same, to the following uses and purposes. And I hereby authorize and empower him if in the performance of his trust it becomes in his judgment necessary or expedient to sell at public or private sale in such manner as he shall deem best for the interest of my said two sons, any part or all of the estate which shall come to his hands and to invest and to reinvest the proceeds at his discretion. And he is to furnish and expend annually proper amounts for the maintenance and education of my two sons, and when they arrive at the age of twenty-one to divide the remainder of my said estate in his hands, after paying my debts, and paying for education and maintenance of my said two sons, between my said two sons, Jacob L. Manasses and August Manasses equally."

Here is created a trust the main object of which is the maintenance and education of the testatrix's two sons and the division between them of the property upon their attainment of the age of twenty-one years. The power to sell property and to reinvest is to be exercised only in the event that it should in the trustee's judg-

ment become necessary or expedient in the performance of the main trust. Its purpose is to commit to the trustee's discretion the propriety of changing the form of the property and to empower him to make the change without resorting to a court for authority.

The continuance of the mercantile business is nowhere mentioned in the will. Such a business it is true involves the sale of goods and the reinvestment in other goods, but it also involves obligations, expenditures, and a degree of attention beyond mere selling and reinvesting. Debts incurred in an authorized business of a trustee may become chargeable against the trust estate and so endanger its existence. No intention to subject the estate to the uncertain results of a mercantile business is either expressed or implied in this will. The goods in controversy were in no part those left by the decedent, she having died about five years before their acquisition.

Being without authority to carry on the business under the will the appellant was without capacity as trustee or executor to purchase the goods for that purpose. The contract for their purchase bound him only personally and the title thereby acquired vested in him individually.—*Malone v. Kelly,* 54 Ala. 532; *Liddell v. Miller,* 86 Ala. 343.

There was error in giving the charge requested by the appellee and in refusing that asked by the appellant. What we have said of appellee's powers under the will, doubtless will determine the result of another trial and it is unnecessary to notice the assignments of error relating to evidence.

Reversed and remanded.