## WEBSTER v. SMITH.

1. The admissions of a defendant in execution, made whilst in possession of the slave levied on, that it belonged to the claimant, and was held under him, by hiring, is admissible in a claim suit against the plaintiff in execution, notwithstanding the statute which excludes the defendant in execution from being a witness in such suits.

Writ of error to the Circuit Court of Tuscaloosa.

CLAIM of property interposed by Smith, to a slave levied on by a *fi. fa.* at the suit of Webster against one Avery.

At the trial, the plaintiff offered evidence, tending to show that Avery, the defendant in execution, remained in possession of the slave in controversy for three years, so as to make it subject, under the statute of frauds, to his debts. The claimant made title under a bill of sale from Avery, dated 20th June, 1839, and introduced evidence tending to show a *bona fide* purchase; but there was also evidence conducing to show the sale was fraudulent, as against creditors. In the progress of the trial, the claimant offered to prove the declarations of Avery, while in possession of the slave, respecting its ownership—disclaiming ownership in himself, and saying he held by hire from the claimant.

The plaintiff objected to these declarations as evidence, but the court admitted them to the jury, and allowed an exception.

The admission of this evidence is the only matter assigned as error.

PETER MARTIN and B. W. HUNTINGTON, for the plaintiff in error, argued—

1. That the proper construction of the act of 1845, excluding the defendant in execution from being a witness in claim suits, seems to demand that his declarations should also be excluded. A different construction will let in all the evils which the statute was intended to prevent.

Webster v. Smith.

2. The declarations however were inadmissible.  [Standifer v. Chisholm, 1 S. & P. 449 ; Martin v. Kelly, 1 Stewart, 198 ; McKenzie v. Hunt, 1 Porter, 37.]

3. The reasons why the declarations of parties in possession are admitted to show the state of the title, is the extreme improbability of such an admission, if untrue, as against the interest of the party, (Greenl. Ev. 176 ;) but this reason does not obtain when the circumstances show the party has an interest in perpetrating a fraud by concealing his property.

W. COCHRAN, contra, insisted that the declarations of one in possession of property, are always admissible to show the nature of his title.  [Bliss v. Winston, 1 Ala. Rep. 344 ; Oden v. Stubblefield, 4 Ib. 657 ; 1 Phil. Ev. 254 ; Cowen & Hill's Notes, 658 to 662, 597 to 603.]

GOLDTHWAITE, J.—1. It is supposed by the counsel for the plaintiff in error, that the statute excluding the defendant in execution as a witness in a claim suit, should be so construed as to also exclude evidence of any admission by him, explanatory of the nature of his title to the thing seized in execution, but we can see no warrant thus to extend its construction.  As a general rule, the admissions of one in possession, is proper evidence to explain the nature of that possession.  [McBride v. Thompson, 8 Ala. Rep. 650, and cases there cited.] · And the mere circumstance that he is not a competent witness, has never been considered a sufficient reason to exclude this kind of evidence.  See cases collected in Cowen & Hill's Notes, 592.  In the present case, the evidence was of the admissions of the defendant in execution, made at a time when in possession of the slave, that he held it under the claimant by hire, and as it seems to us there is nothing here that is inconsistent with what is said by the court in Standifer v. Chisholm, 1 S. & P. 449.  There, the evidence went much beyond the nature of the title, and if admitted, would have allowed the party to show by mere declarations, the mode and manner by which the title was obtained.  Indeed this case does not differ in principle from what we have so recently held in McBride v. Thompson, 8 Ala. Rep. 650, in which we say, that while it is allowable to

prove the statements of one in possession, in explanation of the possession, it is not permissible to show every thing that may have been said by him in respect to the title, as that it was acquired *bona fide*, and for a valuable consideration. The *res gestæ* is the possession, and any declarations by the possessor, showing the nature and character of it, is admissible evidence, according to all the cases. The credence to be given by the jury to such testimony, is a matter which we need not consider, though it is evident this depends in a great degree upon the other facts and circumstances, which may be before the jury.

On the whole, we think the evidence was properly admitted. Judgment affirmed.