## BRAZIER & CO. *vs.* BURT.

1. Where testimony offered is relevant, it cannot be excluded *in limine*, but the opposite party, if he desires to raise any question as to its legal sufficiency, should do so, by asking of the court an appropriate charge.

2. The declarations of one in possession of personal property, that he holds it not in his own right, but as the property of another, are admissible in evidence as part of the *res gestœ.*

3. So also, if cotton be delivered by M. to C., proof that C., upon the receipt and whilst in possession of the cotton, marked the bales with the initials of B's. name, is, for the same reason, admissible to show that C. held it as the property of B., and as his bailee.

4. A party, complaining of error, must set out in the record so much of the evidence, as is necessary to show it affirmatively.

ERROR to the Circuit Court of Lowndes. Tried before the Hon. Geo. W. Stone.

THIS was a trial of the right of property in six bales of cotton levied on under an execution in favor of the plaintiffs in error against one John M. Mock, and claimed by the defendant in error. The plaintiffs having made out a *prima facie* case by proving that the cotton was made by slaves under the control of the defendant in execution and hauled by him to a warehouse at Benton, on the bank of the Alabama river, where it was levied on, the claimant stated his defence to be that he had purchased the cotton from Mock before it was gathered, and offered in evidence a deed of trust, the execution whereof was proven, and the contents of which are sufficiently noticed in the opinion of the court. The deed had never been proven in open court.

15

The plaintiffs objected to the reading of this deed in evidence, unless the claimant would state that he expected to connect his claim with the right of the persons for whose benefit the deed was made; and made the further objection to its admissibility that it had not been proven in open court as required by the statute. The counsel of the claimant then stated that they did not offer the deed to show title to the cotton in the persons, for whose benefit the deed was made, but to show that the cotton had been sold and disposed of in accordance with the provisions of said deed, and that he was a purchaser with a claim of right or title, and in connection with this, that the cotton was not the property of the defendant. The court thereupon overruled the plaintiffs' objections, and the deed was read to the jury. The claimant proved by a son of Mock that his father left home before the cotton was ginned and packed and instructed him to have it ginned and packed as soon as possible, and to haul it to Benton and deliver it there to the claimant, to whom he had sold it and to whom it belonged. The plaintiffs objected to these declarations of Mock as to the sale and ownership of the cotton, but the court overruled the objection. The same witness testified that he hauled the cotton to Benton and left it by the claimant's instructions at the warehouse of one Chambliss. Chambliss was then introduced as a witness and stated that he received the cotton, and marked it B., and made out and delivered to the claimant a receipt for the same. The plaintiffs objected to the evidence of Chambliss, but the court overruled the objection. The slaves employed in making the cotton were shown to be the same that are embraced by the deed of trust, and there was evidence tending to show the purchase and payment by the claimant of the purchase money for the cotton before it was gathered. This was all the evidence in the case.

The plaintiffs asked the court to charge the jury "that the deed was void, being fraudulent in law, as it was not proved either in the Circuit or County Court, and should be disregarded by them." This charge the court refused to give, but charged the jury that unless they believed from the evidence that before the cotton was gathered Mock had fairly sold it to Burt for a valuable consideration, the plaintiffs were entitled to a verdict; that it was not sufficient that there should have been a mere agreement to sell, but such an absolute sale as would have au-

thorised Burt to go into the field and gather the cotton; and that they had nothing to do with the question, by whom the cotton was made, and must not take it into consideration, but only the question of the sale as above mentioned.

To the several rulings of the court on the testimony and to its refusal to charge as requested the plaintiffs excepted and now assign them as error.

T. & J. WILLIAMS, for the plaintiffs:

1. A deed conveying personal property, where the possession of the property is continued with the donor, is fraudulent and void, unless the same has been acknowledged in the Circuit or County Court within twelve months after its execution, (Clay's Dig. p. 255, middle of § 2; Myers v. Peak's Adm'r, 2 Ala. 648;) and a deed thus void cannot be used as evidence for any purpose.

2. Claimant cannot prove title in another, and this deed went to show that the labor and services of the slaves passed under this deed.

3. Declarations of a third person can only be given to explain the character of possession, or of some act done by a party which is sought to be turned against him—this makes a part of the *res gestæ*, and to effect this, the declarations must be coupled with, and explanatory of the act.—Webster v. Smith, 10 Ala. 430, and the cases there cited. Here the declarations are as to what John Mock had done, to wit: "that the cotton belonged to Burt, to whom he had sold it." This only constitutes the declaration of Mock, the balance was only directions of Mock to witness.

4. The act of Chambliss in marking the cotton for Burt was improperly used—it was not proper evidence against plaintiff, it tended to confirm the contract as pretended, between Mock and Burt.

5th. On the last error assigned, the deed was void and fraudulent, declared so by the statute, and the court should so have charged the jury.—*Vide* Statute, and authority refered to on first point.

ELMORE & YANCEY, for the defendant.

1. The deed of Mock was properly admitted. The mode of

raising a question on it was on a charge to the jury, and no injury resulted to the plaintiff from its admission.

2. Mock's declarations as to the ownership of the property were admissible. He was in possession. If the evidence went further than the matter of ownership, the plaintiff should have pointed out the portion that was objectionable, but his motion embraced the exclusion of all, both good and bad testimony, and his motion was properly refused.

3. Chambliss' evidence identified the cotton levied on marked B., as the cotton brought by the sons of Mock, and claimed by Burt as a purchaser, and plaintiff was not injured by it.

4. The charge was correct. The deed had nothing to do with the trade, and in fact, the charge was favorable to the plaintiff in excluding all consideration of the deed from the jury.

CHILTON, J.—This was a trial of the right of property to six bales of cotton, levied on by the sheriff, at the instance of the plaintiffs in error, as the property of John M. Mock, and claimed under the statute by Burt, the defendant in error.

The claimant offered to read to the jury a deed of gift, made by said Mock to one Elias Bonnell, trustee, of certain slaves and other property in trust, for the use and benefit of Matilda Mock, wife of the donor, and for the support and future maintenance of her and her children. The deed provides that the said Matilda shall at no time be deprived of the use of the said property during her natural life; and it further provides for a division of said property among the children, in certain events, after her death. John M. Mock reserved to himself the right to direct the slaves in the mode and manner of their employment and labor, under the superintendence of said trustee. The cotton claimed was the produce of the labor of said slaves, and the deed was offered by claimant, who proposed showing that the cotton was sold by Mock, in accordance with its provisions, and purchased by him. This deed was clearly relevant, and the motion to exclude it *in limine* was very properly overruled. If the plaintiffs in error desired to raise any question as to its legal effect, they should have asked of the court an appropriate charge involving its sufficiency. This view is not in conflict with Myers v. Peak's Adm'r, 2 Ala. 648; for in that case the bill of sale, which was really a gift, was admitted in proof, and charges were asked involving its legal effect.

The deed was not introduced to prove title in a third party, but for the purpose of showing that the cotton being the produce of the labor of the slaves, which were trust property, the claimant, who had purchased it in accordance with the provisions of the trust, must be protected.

2. The declarations of Mock, in giving instructions to his son with respect to the delivery of the cotton, we think were properly admitted as part of the *res gestæ.* The cotton was in possession of Mock, and his declarations were competent to show how he held, namely, not in his own right, but that it belonged to the claimant. This view harmonises with all the cases on the subject, and especially with Webster vs. Smith, 10 Ala. 430.

3. The act of Chambliss, who had possession of the cotton, in marking it with the initials of Burt's name, we think, might properly go in evidence for similar reasons. It proved, or tended to show, that he held it as the property of Burt, and to show that Burt, at the time of the levy, held possession by his bailee.

4. The bill of exceptions does not contain sufficient evidence to show whether the charge involving the legal sufficiency of the deed was or was not properly refused. If the possession of the property actually accompanied the deed, and the dominion over it was given to the trustee for the purpose of executing the trust, the deed would come within the saving of the statute. But whether this was so or not, does not appear. The charge assumed that the deed was fraudulent because not proved or acknowledged. This may or may not be correct, as the donor had actually parted with, or retained the possession. But the plaintiff must affirmatively show error and injury.

The charge given presented the case in the most favorable light for the plaintiffs in error. Our conclusion is that there is no error in the record, and the judgment must be affirmed.