JOHNSON *vs.* BOYLES ET AL.

1. When a deed purports on its face to be made, not only in consideration of natural love and affection, but also "for divers other good considerations" which are not specified, parol evidence is admissible to show what the other considerations were.

Johnson v. Boyles et al.

2. The statute of frauds (Clay's Digest, p. 255, § 2) in relation to·convey-ances of personal property "upon consideration not deemed valuable in law", does not apply to a deed which purports to be made in consideration of natu-ral love and affection "and for divers other good considerations", and which is shown by parol to have been made upon valuable consideration.

3. The written declarations of the grantor, while in possession of the slaves conveyed, to the effect that he held for the grantee, are admissible evidence as part of the *res gestæ* explanatory of his possession.

4. An incorrect abstract charge is not a reversible error, when the record shows clearly that it could not have prejudiced the appellant.

5. A purchaser without notice from a person in possession of a slave which does not belong to him, does not necessarily obtain a good title ; and there-fore a charge which, in effect, asserts that he does, is properly refused.

APPEAL from the Circuit Court of Monroe.

Tried before the Hon. C. W. RAPIER.

TROVER by Martha L. Boyles, Solomon Boyles, and Thomas J. Boyles, infants suing by their next friend, against Lewis Johnson, for the conversion of two slaves named Eliza and Mary ; plea, not guilty, in short by consent.

On the trial the plaintiffs offered in evidence a deed, exe-cuted by Palmer D. Abney, dated the 10th August, 1847, and attested by two witnesses, of which the following is a copy :

"State of Alabama, ⎰ Know all men by these presents, that Monroe County. ⎱ I, Palmer D. Abney, of the county of Butler and State of Alabama, for and in consideration of the natural love and affection which I bear my sister, Elizabeth L. Boyles, wife of Joel Boyles, of the county of Monroe and State aforesaid, and for divers other good considerations, do give, grant, and sell unto the said Elizabeth L. Boyles a fe-male slave named Eliza, and her increase, for her sole use and benefit, and free from the debts, management, or control of the said Joel Boyles. Also, the said Palmer D. Abney doth covenant and agree with the said Elizabeth L. Boyles, to act as trustee of said negro woman, in trust for the sole use and benefit of the said Elizabeth ; upon the further trust, that with the assent of the said Elizabeth, I shall have full power to sell or exchange said slave, which slave, or other property, shall be subject to the provisions of this deed ; upon the fur-ther trust, that, upon the death of said Elizabeth, said slave and her increase, or the property received in exchange, then to belong to the heirs of her body ; upon the further. trust,

37

that, upon my death, said Elizabeth L. Boyles shall have full power to appoint another trustee in my stead and place, in writing. Given under my hand and seal," &c.

On this deed there was a written endorsement by said Joel Boyles, in these words: "This is to certify that I have no objections to the provisions of the within deed of trust.— August 10, 1847"; also, the certificate of the clerk of the County Court of Monroe county, dated August 11, 1847, that the said Abney on that day acknowledged before him "that he signed and sealed the foregoing deed of trust to Elizabeth L. Boyles, on the day and year, and for the purposes therein mentioned"; and a written memorandum by the clerk, that the deed was left in his office on that day for registration, and was duly recorded.

" The defendant admitted this to be a good deed between the parties to it, but objected to its being read to the jury as notice to the defendant. It was read to the jury, but the question of notice was reserved to a further stage of the case. The plaintiffs, for the purpose of showing a consideration for the deed, offered testimony tending to show that, early in 1847, said Joel Boyles, the husband of said Elizabeth, owning two young negroes, sent them to said Palmer D. Abney for the purpose of trading or exchanging them for a negro woman for his wife, and which would be of assistance to her; that Abney effected this, and exchanged them for the said woman Eliza; that in the spring of 1847, and in the month of June or July, he sent said Eliza to the house of said Boyles, in Monroe county, where he and his wife resided; that in August, 1847, said Abney executed said deed, and the woman remained in the family of said Boyles until about frost of that year, when she ran away to said Abney in Butler county. The defendant objected to the introduction of that part of the above testimony which relates to the exchanging of the negroes, admitting that which relates to the possession of Eliza and the making of said deed; but the objection was overruled, and the whole testimony admitted, and to this the defendant excepted.

" It was further in proof, that Abney subsequently removed to Monroe county, and that he retained the possession and control of Eliza from the period above indicated up to the

date of his sale of her to the defendant—on the 16th January, 1851. Plaintiffs proved, also, by Joel Boyles, that Abney, while in possession of Eliza, always admitted to him that he held her for Mrs. Boyles, and spoke of her to him as Mrs. Boyles' property. Plaintiffs offered in evidence, also, letters written by Abney to Joel Boyles, tending to show that he held Eliza for Mrs. Boyles. To the introduction of this testimony defendant objected, but his objection was overruled, and he excepted.

"It was further shown, that Abney paid hire for Eliza to Mrs. Boyles, at the rate of $75 per year; that Boyles and wife purchased from him, in 1849, a tract of land, for $150, and it was agreed that the hire of Eliza should go in discharge of the purchase money; and that Mrs. Boyles died in the fall of 1849. Defendant offered evidence, tending to show that he purchased Eliza from said Abney, for $875, on the 16th January, 1851, when possession was delivered to him by Abney, who also executed a bill of sale; that Abney had continued possession of Eliza from about frost, 1847, to the period of the sale to defendant, except on two occasions when he (Abney) had sent her to Mobile and New Orleans for a few weeks, for the purpose of selling her; and by these witnesses it was shown, also, that Abney, while having Eliza in possession, spoke of her and controlled her as his own property. No testimony was offered tending to show that defendant ever had actual notice of the claim set up by plaintiffs, prior to the commencement of this suit.

"The defendant then moved to exclude the deed as evidence before the jury of any notice to him of plaintiffs' claim; which the court refused, and instructed the jury, that so far as it was a deed of gift it was not in evidence, but as a deed of trust it was properly in evidence before them as a recorded deed, and in this respect it was sufficiently acknowledged; to all which defendant excepted.

"The court charged the jury, further, that if Boyles had negroes, and exchanged them for another, which was delivered, no deed would be necessary to make the transaction valid between the parties—the transfer would be valid when the property was delivered; but if it was understood by Abney, Boyles, and Mrs. Boyles, that Eliza should belong to

Mrs. Boyles, then a sufficient consideration passed to make her the property of Mrs. Boyles, the consideration passing from her husband to Abney; and to this charge the defendant also excepted.

"The defendant then asked the following charges:—

"1. That the deed under which plaintiffs claim, being a voluntary deed, does not operate as notice to defendant, because it was not recorded in the manner prescribed by the statute of frauds, and as to him it is as if it had never been recorded; which charge, without qualification, the court refused to give, and defendant excepted.

"2. That unless it is shown that defendant had actual notice of the title set up by plaintiffs, and the property remained in Abney's possession up to the time of defendant's purchase, then defendant's title is good, if he shows that he paid a valuable consideration for her; which charge the court refused, and defendant excepted.

"3. That Mrs. Boyles, by the terms of the deed exhibited by plaintiffs, was entitled to the possession of the property, and that the trustee (Abney) could not rightfully withhold the possession from her; and that if Abney held possession for three years, under a loan, without a demand made and pursued according to law, such possession will be held fraudulent, as against a *bona fide* purchaser without notice; which charge the court refused, and defendant excepted."

The rulings of the court on the evidence, the charges given, and the refusals to charge as requested, are now assigned for error.

R. C. TORREY, for the appellant.

JOSHUA GRAY, *contra*.

GOLDTHWAITE, J.—The deed, under which the plaintiff below asserted his right to recover, purported to be made, not only on the consideration of natural love and affection, but "for divers other good considerations"; and although it may be questionable, in a contest in which the rights of creditors and purchasers were involved, whether a valuable consideration could be shown, to sustain a deed which upon its face is based upon a voluntary consideration only, yet where

(as in, the present case) it appears that the conveyance was made upon other considerations which are not specified, as well as natural love and affection, the character of the deed is not changed by admitting parol evidence to show such additional considerations. Such proof is not inconsistent with the deed.—Hayne v. Campbell, 6 Mon. 291; Maigley v. Hauer, 7 John. 342; Benedict v. Lynch, 1 John. Ch. 270; Jack v. Dougherty, 3 Watts, 155; Tull v. Partlett, 1 Mood. & Malk. 472; Miller v. Bagwell, 3 McCord 568; Jones v. Sasser, 1 Dev. & Bat. 466; Mead v. Steger, 5 Port. 506.

The deed, being shown by the evidence to have been made upon a valuable consideration, was not affected by the clause of the statute (Clay's Dig. 255) which applies only to such conveyances as are made upon a consideration "not deemed valuable in the law."—Lazarus v. Lewis, 5 Ala. 459. It may not have operated as notice to the appellant; but, if it was made upon a valuable consideration, it was entirely immaterial, so far as the right of the appellee to recover was concerned, whether the defendant had any notice.

The letters of Abney, while in possession of the slaves, to the effect that he held for the grantee, were simply his written declarations, explanatory of his possession; and were properly admitted, as part of the res gestæ.—Perry v. Graham, 18 Ala. 822.

Neither are we able to perceive any error of which the appellant can avail himself, in the court's refusing to exclude the deed from the jury, or in the charges. There was no pretence for the exclusion of the deed,—the evidence showing it to be for a valuable consideration; and if it was properly before the jury, the instruction given by the court—that it was before them as a deed of trust, and not as a deed of gift—could not have prejudiced the appellant. So, also, in relation to the charge "that if the negro mentioned in the deed was received by Abney, (the grantor,) in exchange for other negroes owned by the husband of Mrs. Boyles, (the grantee,) upon an understanding with all the parties that she should be owned by Mrs. Boyles, the effect of the transaction would be, to make the latter the owner of the property",—although it may not have been correct, yet, as the deed was valid and effectual, it was purely abstract, and could not in any respect

have prejudiced the defendant ; and when that clearly appears, an abstract charge, if incorrect, would not be regarded as a reversible error.—Magee v. Billingsley, 3 Ala. 680.

In relation to the charges requested, it is only necessary to observe, that the first assumes that the deed is voluntary, when the evidence established a valuable consideration, and it was therefore properly refused. The second asserts, in effect, that a purchaser without notice, from a person in possession of property not belonging to him, necessarily obtains a good title ; which, as a legal proposition, cannot be sustained. And the third rests upon the assumption that the slave was loaned to the person in possession, when the evidence proved that it was a *bona fide* hiring.

We see no error in the record of which the appellant can complain. Judgment affirmed.