[Wright v. Smith.]

# Wright *v.* Smith.

### *Trial of Right of Property in Horse.*

1. *Declaration of person in possession of property attached.*—The declaration of the defendant in attachment, made to the officer at the time of the levy of the writ on personal property in his possession, to the effect that the property did not belong to him, being explanatory of possession, and in disparagement of his own title, is competent evidence for the claimant, on a trial of the right of property under the statute.

2. *Replevy bond; admissibility as evidence against claimant.*—The replevy bond executed by the defendant in attachment, not reciting or asserting any right or interest in the property attached, is not admissible evidence against the claimant, "as a circumstance to show title in the defendant in attachment at the time of the levy:" as to the claimant, such bond is *res inter alios acta.*

3. *Voluntary conveyance of property exempt from legal process.*—Creditors, existing or subsequent, can not attack or complain of a voluntary conveyance of property which is exempt from levy or sale under legal process for payment of debts.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. JAMES E. COBB.

This was a statutory claim suit, between R. D. Smith, plaintiff in attachment, and James H. Wright, as claimant. The attachment was sued out against the estate of John P. Wright, who was the father of the claimant, and was levied, on the 19th December, 1877, " on one two-horse wagon and harness, one black horse," and other personal property, found in the possession of said John P. Wright. The claim of said James H. Wright was interposed on the 29th March, 1879, and the affidavit embraced the wagon, harness, and horse. On the trial, a bill of exceptions was reserved at the instance of the claimant, in which the facts are thus stated :

"The plaintiff in attachment proved, by the deputy-sheriff, that he levied the attachment, on the 19th December, 1877, on the wagon, harness and horse, which are involved in this claim suit; that said property was, at the time of the levy, in the possession of said John P. Wright, the defendant in attachment, who was the father of said James H. Wright, the claimant; and the value of the property was proved. On cross-examination of said deputy-sheriff, the claimant offered to prove by him, that said defendant in attachment, while in possession of the property, at the time of the levy, said that the property was not his. The plaintiff objected to said declaration of the defendant in attachment; which objection the court sustained, and refused to permit the

VOL. LXVI.

[Wright v. Smith.]

claimant to prove said declaration; to which ruling the claimant excepted."

The plaintiff offered in evidence the replevy bond executed by the defendant in attachment, and the court admitted it, against the objection of the claimant, "but with this restriction: that it might go in evidence as a circumstance to show title in the defendant in attachment, to the property claimed, at the time of the levy of the attachment;" to which ruling an exception was duly reserved by the claimant. The replevy bond is dated the 19th December, 1877, and recites the levy of the attachment upon the property, "which said property has been returned to the said defendant on his entering into this bond;" and its condition is, that the said John P. Wright shall have the said property forthcoming, and shall deliver the same to the sheriff of said county, to satisfy such recovery as may be had in such judgment as may be rendered in favor of said R. D. Smith, by the court trying said attachment."

"It was admitted, that the plaintiff's debt, for which the attachment was sued out, was a promissory note for $150, dated the 5th January, 1877, executed by said defendant in attachment, and waiving exemptions as to personal property; and that said note was given in renewal of another note, executed about the first of the year 1874, for indebtedness by defendant to plaintiff in attachment, which did not waive exemptions. There was evidence, on behalf of the claimant, tending to show that he obtained the horse, in the spring of 1876, from his father, the defendant in attachment, and had possessed and claimed it since that time; also, some evidence tending to show that there was a consideration passed from claimant to said defendant in attachment, in the spring of 1876; also, some evidence tending to show that, in the spring of 1876, the defendant in attachment delivered the horse to the claimant as a gift, on the claimant coming of age. It was proved that the defendant in attachment had been a resident citizen of said county of Macon, since 1872. The claimant offered to prove that, at the time he got the horse from the defendant in attachment, in the spring of 1876, all the personal property owned by said defendant in attachment, the horse included, was not of so much value as $1,000. The plaintiff objected to this evidence, and the court sustained the objection, and excluded said evidence; to which ruling the claimant excepted."

The several rulings of the court to which, as above stated, exceptions were reserved by the claimant, are now assigned as error.

W. C. BREWER, for appellant.

ABERCROMBIE & GRAHAM, *contra.*

BRICKELL, C. J.—The declaration made by the defendant in attachment, to the officer making the levy, that the horse, though found in his possession, did not belong to him, was self-disowning—in explanation that his possession was not as owner, but in subordination to the title of another; and under repeated decisions of this court, should have been received in evidence.—1 Brick. Dig. 843, § 558.

2. The replevin bond, executed by the defendant in attachment, does not, in express terms, assert that the defendant claimed, or had any interest in the horse, upon which the levy was made. The parties executing it could not have set up the want of such interest, as an excuse for the non-performance of its condition—the re-delivery of the property to the sheriff, to answer the judgment the plaintiff might obtain. The bond could well have been executed by the defendant, if he was a mere bailee, or if he had a mere temporary interest and possession as a hirer. As to the claimant, the bond is *res inter alios acta*, and is not admissible as evidence against him, on any other theory, than that it was explanatory of the possession—an assertion by the defendant that he held as owner. Of that construction, the bond is not fairly susceptible, and there was error in receiving it in evidence.—*Miller v. Hampton*, 37 Ala. 342.

3. To render a voluntary conveyance, or transfer of property, void as to creditors, either existing or subsequent, it is indispensable, that the property should be of a kind a creditor could, by some legal or equitable process, subject to the payment of his debts. It is upon this principle that the English Court of Chancery proceeded, in holding that creditors could not avoid a voluntary settlement of stock, or of *choses* in action, or of copy-holds, or of any other property not liable to execution.—1 Story's Eq. § 367. In this country, since the policy of exempting by constitutional provisions, or by legislative enactment, property of a particular character, or of specified value, from liability for the owner's debts, a like doctrine has prevailed. The gift of such property is of no injury to creditors—it works them no wrong, and deprives of no right, legal or equitable. As to such property, it may well be said, the owner has no creditors, and the power of disposition as if he were free from debt.—Bump on Fraud. Conv. 242; *Fellows v. Lewis*, at the last term. If, before the execution of the note by the defendant in attachment, waiving exemptions, he had given the horse to the claimant, and at the time of the gift the horse was exempt from liability to

[Wynn v. Rosette.]

the payment of his debts, the title of the claimant can not be assailed by the creditors of the donor, as fraudulent. By the gift, if it was consummated by delivery, the title of the donee ·was perfect, and incapable of being affected by any subsequent act or declaration of the donor. The waiver of exemptions, in the renewed note, operated ·only as to property then owned by the donor, or. which he might subsequently acquire, and not on property with the title to which he had previously parted. The Circuit Court was in error, in excluding the evidence tending to show the horse was given the claimant by the defendant in attachment, when it was exempt from liability for the payment of the donor's. debts.

Reversed and remanded.