# Chenault *v.* Stewart, *et al.*

### Trover.

### (Decided December 7, 1916.   73 South. 501.)

1. **Mortgages; Execution Against Property; Instructions.**—Where the action was trover for a mule mortgaged by N to plaintiff and taken by the defendant under execution against N and R the plaintiff was not entitled to the affirmative charge as there was evidence supporting the contention of the defendant that the mule belonged to R and that the mortgage was void as against creditors.

2. **Fraudulent Conveyances; Intent; Evidence.**—Where a creditor assails a mortgage of his debtor as a fraud on creditors great latitude is allowed in proving facts having even a slight tendency to show an intent to hinder or defraud.

3. **Charge of Court; Ignoring Issues.**—Charges which ignore issues which there was evidence to support are properly refused, as are abstract charges.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Trover by William L. Chenault against H. W. Stewart and another for the conversion of a mule.   Judgment for the defendants and the plaintiff appeals.   Affirmed.

. Transferred from the Court of Appeals under Acts 1911, p. 450.

TRAVIS WILLIAMS and W. L. CHENAULT, for appellant.   W. H. KEY, for appellees.

MAYFIELD, J.—The action was trover, for the conversion of one mule.   Appellant, plaintiff below, claimed title by virtue of a mortgage executed by one J. J. Narrell on the 27th day of April, 1914, due May 1, 1914, and filed for record April 28, 1914.

Appellees, defendants below, claimed title and right by virtue of an execution and a sale thereunder.   The execution ran against J. J. Narrell, Will Rayfield, and others, and was issued and attached in June, 1914.   The judgment on which the execution was issued was rendered in the circuit court of Franklin county on the 8th day of May, 1914.

If the mule was the property of Narrell, and the mortgage of plaintiff was not executed with intent to hinder, delay, or defraud the creditors of the mortgagor, then, of course, plaintiff acquired

[Chenault v. Stewart, et al.]

the title, and should have recovered. Defendants contended, however: First, that the mule was not the property of Narrell, but was the property of the other defendant in execution, Will Rayfield, and was levied on as such; and, second, that if it was the property of Narrell the mortgage was void as against the creditors of Narrell.

(1) There was evidence tending to support each of the defendant's contentions, and hence the general affirmative charge should not have been given in favor of plaintiff. There was evidence that, prior to the claim of either plaintiff or defendant, a third party had obtained a judgment against Narrell and was seeking to subject the mule in question to the payment of his judgment, and that Narrell, either in good faith, or to prevent the animal from being levied upon, sold the mule to Rayfield. Rayfield contended that this sale was bona fide and valid; while plaintiff and Narrell claimed that the sale was a mere sham, to defeat the third party, and that afterwards Rayfield surrendered the mule to Narrell, and never subsequently asserted any claim thereto.

A great number of assignments go to the rulings on the admission or the exclusion of evidence. Most of these are coupled together, and we will so treat them.

(2) All of the evidence allowed over the objection of plaintiff was admissible, as either tending to show that the mule was the property of Rayfield, and was levied upon as such, or that the mortgage of plaintiff was intended to hinder, delay, or defraud the creditors of Narrell. However slight may be the tendency of a particular fact to show intent to hinder, delay, or defraud, it is admissible when the creditor assails a mortgage of his debtor, and great latitude is allowed as to proof in such cases. It was competent for defendants to prove that Narrell tried to buy the mule in question from Rayfield. It tended both to show that Rayfield owned the mule, and to contradict Narrell who testified as a witness.

(3) There was no error in refusing any of the plaintiff's requested charges; they were abstract, or else ignored one or more theories of the defense which there was evidence tending to support.

Affirmed.

McClellan, Somerville, and Thomas, JJ., concur.