(88 South. 829)
BRADFORD v. BUTTRAM. (8 Div. 333.)

(Supreme Court of Alabama. April 21, 1921.)

1. Appeal and error ⟨⫌⟩1079—Assignments of error, not sufficiently insisted on, deemed abandoned.

Where assignments of error are not sufficiently insisted upon in argument they will not be reviewed.

2. Witnesses ⟨⫌⟩280—Not error to exclude question defective in form.

Sustaining of objection to a question to husband, where wife was claiming property on which execution had been levied as being her husband's, "Now is it not a fact that you are now trying to evade the payment of this judgment, and this is a contraption on your part to avoid payment of the debt?" held justified because the question was defective in form.

⟨⫌⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Witnesses ⊗275(6)—Question whether husband was trying to evade payment of judgment properly excluded.**

Where property sought to be subjected to execution on judgment against husband was claimed by wife, on trial of her claim objection was properly sustained to question to him whether he was not trying to evade payment of the judgment, as any effort on his part to resist or evade the payment of the judgment could not affect her title or right of possession to the claimed property.

**4. Evidence ⊗273(2)—Declarations as to history and source of title inadmissible.**

Generally, declarations made by a third party in possession of property as to the history and source of title are inadmissible, in the absence of the party against whom offered.

**5. Evidence ⊗273(2)—When declarations of defendant in attachment admissible, stated.**

A declaration of defendant in attachment, to the officer levying process, that the property being levied upon did not belong to him, or derogatory to his title, being explanatory of possession, is competent evidence for the claimant, on a trial of the right of property under the statute, and against one claiming title under declarant, and upon an issue of title when neither party claims under declarant.

**6. Husband and wife ⊗149(4)—Wife's property not subject to husband's debts.**

The fact that a husband's services indirectly contributed to the acquisition of the property of the wife does not subject her property so acquired to the payment of his debts.

**7. Husband and wife ⊗149(2, 3)—Property purchased by husband with proceeds of wife's separate estate not subject to his debts.**

Property purchased by the husband with the proceeds of the corpus of the wife's statutory separate estate is not subject to the payment of his debts.

**8. Execution ⊗193—Question whether claimant of property got money used in purchasing such property held pertinent.**

Where property sought to be subjected to execution on judgment against husband was claimed by wife, on trial of her claim the question where the wife got the money used in the payment of the purchase price of the property was pertinent to the issue.

**9. Appeal and error ⊗971(3)—Scope of cross-examination discretionary.**

Generally, the range and extent of cross-examination rest largely in the discretion of the trial court, and, unless it be clearly shown that this discretion has been abused, the court will not be put in error.

**10. Witnesses ⊗275(2)—Restriction of cross-examination held proper.**

Where property sought to be subjected to execution on judgment against husband was claimed by wife, on trial of her claim, where the wife answered frankly as to the source from which she obtained the money used in the purchase of the property, and concerning her other property and the purchase thereof, there was no abuse of judicial discretion in not permitting plaintiff to propound to her questions whether she had not spent all of a fund, from which she claimed to have purchased the property in question, in the purchase of a house and lot, and whether it was not a fact that all the money she had at the time was the price of the property in question, and that she paid it all on such property.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

W. H. Bradford having recovered a judgment against H. L. Lansford and R. M. Buttram, at execution thereon, which was levied on a gasoline engine and gristmill, P. A. Buttram interposed a claim, and on trial there was judgment for the claimant for the property, and the execution plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449.   Affirmed.

P. A. Buttram was the wife of R. M. Buttram, and the evidence tended to show that in the purchase of the mill her money was used under her direction, and that the profits arising from the operation of the mill met the deferred payments. Testifying as a witness, claimant stated that, after paying off a mortgage in the sale of her land, she had $900 left, $350 of which was invested in the mill, and on cross-examination the plaintiff sought to show that she had spent $1,400 in the purchase of a house and lot, and asked her if it all did not come out of the $900, and also asked the following question:

"Now is it not a fact that all the money that you had at that time was $350, and that you paid it on the mill?"

Court sustained objection to these two questions.

William Stell and Travis Williams, both of Russellville, for appellant.

Court erred in not permitting the statements of the defendant in execution as to his possession and ownership of the property to be admitted in evidence. 198 Ala. 290, 73 South. 502; 66 Ala. 514. Court also erred in excluding testimony of the claimant, sought to be brought out on the cross-examination. 198 Ala. 290, 73 South. 502; 8 Ala. 650; 4 Ala. App. 83, 58 South. 809.

William L. Chenault, of Russellville, for appellee.

Any effort on the part of the defendant in execution to resist payment of the judgment could not affect claimant's rights. 148 Ala. 513, 41 South. 845; 148 Ala. 261, 41 South. 667; 117 Ala. 387, 23 South. 125. There was no error committed in the rulings on the cross-examination of the claimant. Sections 4486, 4487, and 4492, Code 1907; 112 Ala. 262, 20 South. 742, 33 L. R. A. 59, 57 Am. St. Rep. 28; 69 Ala. 72; 88 Ala. 557, 7 South. 188; 67 Ala. 599; 75 Ala. 351.

---

⊗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

THOMAS, J. The judgment was for a claimant (the wife) for property sought to be subjected by execution to the payment of a judgment against the husband and another.

[1] Two assignments of error are not sufficiently insisted upon in argument of counsel to present anything for review. Georgia Cot. Co. v. Lee, 196 Ala. 599, 604, 72 South. 158; W. U. Tel. Co. v. Benson, 159 Ala. 254, 273, 48 South. 712; Republic I. & S. Co. v. Quinton, 194 Ala. 126, 69 South. 604.

[2, 3] On the trial the husband, a defendant in the judgment on which execution issued and was levied on the property made the subject of the wife's claim under the statute, was sought to be asked by the plaintiff:

"Now is it not a fact that you are now trying to evade the payment of this judgment, and this is a contraption on your part to avoid payment of the debt?"

This question being defective in form, the sustaining of the objection thereto may be justified for this fault in form. Ex parte Payne Lumber Co., 203 Ala. 668, 85 South. 9. However, any effort on the part of defendant R. M. Buttram to resist or evade the payment of the judgment against him could not affect the wife's title and right of possession to the property to which her claim was interposed under the statute.

[4, 5] The general rule is that declarations, made by a third party in possession of property, "as to the history and source of such title," are inadmissible in the absence of the party against whom offered. Baker v. Drake, 148 Ala. 513, 41 South. 845; Wilkinson v. Bottoms, 174 Ala. 122, 56 South. 948; Daniel v. Wade, 203 Ala. 355, 83 South. 99. A declaration of defendant in attachment, to the officer levying process, that the property being levied upon did not belong to him, or derogatory to his title, being explanatory of possession, is competent evidence for the claimant, on a trial of the right of property under the statute (Wright v. Smith, 66 Ala. 514; Daffron v. Crump, 69 Ala. 77; Webster v. Smith, 10 Ala. 429; Beall v. Ledlow, 14 Ala. 523; Brazier v. Burt, 18 Ala. 201; Thomas v. De Graffenried, 27 Ala. 651; Roberts, Long & Co. v. Ringemann, 145 Ala. 678, 40 South. 81; Gayle v. Bancroft's Adm'r, 22 Ala. 316, 328); and against one claiming title under declarant (Boozer v. Jones, 169 Ala. 481, 53 South. 1018; Nelson v. Howison, 122 Ala. 573, 25 South. 211; Drum v. Harrison, 83 Ala. 384, 3 South. 715; Johnson v. Boyles, 26 Ala. 576; Gibson v. Gaines, 198 Ala. 583, 73 South. 929) and upon an issue of title when neither party claims under declarant (Montgomery-Moore Mfg. Co. v. Leith, 162 Ala. 246, 50 South. 210; Patterson v. Flanagan, 37 Ala. 513; Cohn & Goldberg Lbr. Co. v. Robbins, 159 Ala. 289, 48 South. 853; Holman v. Clark, 148 Ala. 286, 41 South. 765). The question sought to be propounded to R. M. Buttram did not come within the foregoing rules making the answer thereto admissible. Nor was it within that announced for proper cross-examination, where a creditor assails a debtor's mortgage as a fraud on creditors. Chenault v. Stewart, 198 Ala. 288, 73 South. 501.

[6-10] The question at issue was Mrs. P. A. Buttram's title to the property claimed. The fact that a husband's services indirectly contributed to the acquisition of the property of the wife does not subject her property so acquired to the payment of his debts (Lister v. Vowell, 122 Ala. 264, 25 South. 564), or that property purchased by the husband with the proceeds of the corpus of the wife's statutory separate estate (Daffron v. Crump, 69 Ala. 77; Daniel v. Hardwick, 88 Ala. 557, 7 South. 188; Nettles v. Nettles, 67 Ala. 599; Kennon & Bro. v. Dibble, 75 Ala. 351; Reeves v. McNeill, 127 Ala. 175, 28 South. 623). On her claim of ownership and title to the property levied on, a proper cross-examination of the wife as a witness should be permitted. And the scope of the cross-examination should not be too restricted and limited. The question of where she got the money used in the payment of the purchase price of the property was pertinent to the issue. McBride v. Thompson, 8 Ala. 650; Daffron v. Crump, 69 Ala. 77; Chenault v. Stewart, supra; Swope v. State, 4 Ala. App. 83, 58 South. 809. The general rule, however, is that the range and extent of the cross-examination rest largely in the discretion of the trial court; and, unless it be clearly shown that this discretion has been abused, the court will not be put in error. Smiley v. Hooper, 147 Ala. 646, 41 South. 660; Noblin v. State, 100 Ala. 13, 14 South. 767; Crain v. State, 166 Ala. 1, 52 South. 31. As a witness Mrs. Buttram answered frankly as to the source from which she obtained the money used in the purchase of the mill, and, as for that, concerning her other property and the purchase thereof. There was no abuse of judicial discretion in not permitting plaintiff to propound to witness the argumentative questions sought.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.